**JUDGE SWAIN**

**08 CV 3318**

D. Maimon Kirschenbaum (DK 2448)
Charles Joseph (CJ-9442)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640 Phone
(212) 688-2548 Fax

*Attorneys for Named and Class Plaintiffs*

Shannon Liss-Riordan*
Harold Lichten*
Hillary Schwab*
PYLE, ROME, LICHTEN,
EHRENBERG, & LISS-RIORDAN, P.C.
18 Tremont Street
Suite 500
Boston, MA 02108
617-367-7200 Phone
617-367-4820 Fax
*Admission Pro Hac Vice Pending*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JEANA BARENBOIM on behalf of herself
and all others similarly situated,

        Plaintiffs,

v.

STARBUCKS CORPORATION

        Defendant.
-----------------------------------------------------------x

INDEX NO:

**COMPLAINT**

**RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**



APR 03 2008
U.S.D.C. S.D.N.Y.
CASHIERS

    1.    Plaintiff Jeana Barenboim, on behalf of herself and all others similarly situated, alleges as follows:

### JURISDICTION AND VENUE

    2.    Jurisdiction is proper under 28 U.S.C. §1332(d). Plaintiff is a New York resident, and Defendant is a Washington Corporation with its corporate headquarters in Washington. Upon information and belief, the amount in controversy exceeds $5,000,000 for Plaintiff and the Class Members collectively, exclusive of interest and costs. Jurisdiction and venue are proper in the Southern District of New York because the corporate Defendant resides in the Southern District of New York, and the causes of

action under which the claims asserted in this Complaint emanate from actions that took place in New York.

## THE PARTIES

3. Defendant Starbucks Corporation is a Washington corporation that owns coffee shops throughout New York and in New York City.

4. Plaintiff Jeana Barenboim was employed as a Barista at Starbucks within the last six years.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

5. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all Baristas employed by Defendant on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

6. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendant. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under said FRCP 23.

7. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which

the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than two thousand (2000) members of the Class.

8. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendant, as alleged herein, of Defendant's illegal tip distribution policy. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

9. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases, particularly in litigation regarding tip distribution policies.

10. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and

damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

11. Upon information and belief, Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

12. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including most

significantly whether Starbucks Baristas have been forced to share their tips with parties who are not entitled to their tips.

## FACTS

13. Defendant committed the following alleged acts knowingly, intentionally and willfully.

14. Defendant systematically allowed shift supervisors to retain portions of Baristas' tips.

15. Defendant committed the foregoing acts against the Plaintiff and members of the Class.

## FIRST CLAIM FOR RELIEF
### (Illegal Pay Deductions and Deductions from Gratuities, N.Y. Lab. L. § § § 193, 196-d and 198-b) Brought by Plaintiffs on Behalf of Themselves and the Class)

16. Plaintiff, on behalf of herself and the Class members, realleges and incorporates by reference all previous paragraphs.

17. Defendant made illegal deductions from Plaintiff's and Class members' pay.

18. Defendants retained portions of Plaintiff's tips and Class members' tips.

19. As a result of Defendants' willful and unlawful conduct, Plaintiff and the Class members are entitled to an award of damages in an amount to be determined at trial and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and members of the Class, prays for relief as follows:

- A. Designation of this action as a Class Action pursuant to Rule 23;

- B. Designation of Plaintiff as Representatives of the Class;

- C. An award of damages, according to proof, to be paid by Defendants;

- D. Costs of action incurred herein, including expert fees;

- E. Attorneys' fees, including fees pursuant to, N.Y. Lab. L. § 663 and other applicable statutes;

- F. Pre-Judgment and post-judgment interest, as provided by law; and

- G. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York  
April 3, 2008

Respectfully submitted,

JOSEPH & HERZFELD LLP

By: _____  
D. Maimon Kirschenbaum (DK-2338)  
Shannon Liss-Riordan*

Charles E. Joseph (CJ-9442)  
757 Third Avenue  
25th Floor  
New York, NY 10017  
Tel: (212) 688-5640  
Fax: (212) 688-2548

Shannon Liss-Riordan*  
Harold Lichten*  
Hillary Schwab*  
PYLE, ROME, LICHTEN, EHRENBERG, &  
LISS-RIORDAN, P.C.  
18 Tremont Street  
Suite 500  
Boston, MA 02108  
617-367-7200 Phone  
617-367-4820 Fax

*Attorneys for Plaintiff and proposed class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.