D. Maimon Kirschenbaum (DK 2448)
Charles Joseph (CJ 9442)
Michael Palmer (MP 5090)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640 Phone
(212) 688-2548 Fax

*Attorneys for Named and Class Plaintiffs*

Shannon Liss-Riordan*
Harold L. Lichten*
Hillary Schwab*
PYLE, ROME, LICHTEN, EHRENBERG
& LISS-RIORDAN, P.C.
18 Tremont Street
Suite 500
Boston, MA 02108
617-367-7200 Phone
617-367-4820 Fax

*Admission Pro Hac Vice Pending



**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

JEANA BARENBOIM, JOSE ORTIZ, and
REVANS RAGBIR on behalf of themselves
and all others similarly situated,

              **Plaintiffs,**

v.

**STARBUCKS CORPORATION,**

              **Defendant.**

------------------------------------------------------------x

INDEX NO: 08cv3318-LTS

**AMENDED COMPLAINT**

**RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

1.    Plaintiffs Jeana Barenboim, Jose Ortiz, and Revans Ragbir, on behalf of themselves and all others similarly situated, allege as follows:

### JURISDICTION AND VENUE

2.    Jurisdiction is proper under 28 U.S.C. §1332(d), which grants federal courts subject matter jurisdiction where minimal diversity exists and the amount in controversy exceeds $5,000,000.00. Plaintiffs Barenboim and Ortiz are citizens of New York, upon information and belief the majority of the Class Members are New York citizens, and Defendant is a citizen of Washington with its corporate headquarters in

Washington. Upon information and belief, the amount in controversy exceeds $5,000,000 for Plaintiffs and the Class Members collectively, exclusive of interest and costs. Jurisdiction and venue are proper in the Southern District of New York because the corporate Defendant resides in the Southern District of New York, and the causes of action under which the claims asserted in this Complaint emanate from actions that took place in New York.

## THE PARTIES

3. Defendant Starbucks Corporation is a Washington corporation, and a citizen of Washington, that owns coffee shops throughout New York.

4. Plaintiff Jeana Barenboim is a citizen of New York, who was employed as a Barista at Starbucks in New York within the last six years.

5. Plaintiff Jose Ortiz is a citizen of New York, who was employed as a Barista at Starbucks in New York within the last six years.

6. Plaintiff Revans Ragbir resides in New York and was employed as a Barista at Starbucks in New York within the last six years.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

7. Plaintiffs bring this action pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all Baristas employed by Defendant in New York State on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

8. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendant. The hours assigned and

worked, the positions held, and the rates of pay for each Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under said FRCP 23.

9. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than two thousand (2000) members of the Class.

10. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendant, as alleged herein, of Defendant's illegal tip distribution policy. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

11. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases, particularly in litigation regarding tip distribution policies.

12.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

13.  Upon information and belief, Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert

their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

14. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including most significantly whether Starbucks Baristas have been forced to share their tips with parties who are not entitled to their tips.

## FACTS

15. Defendant committed the following alleged acts knowingly, intentionally and willfully.

16. Starbucks patrons leave a substantial amount of tips in containers located in all Starbucks stores.

17. Starbucks distributes the proceeds of this tip money to its employees. The employees who receive proceeds of these tips include shift supervisors.

18. Shift supervisors have managerial responsibilities, including supervising baristas, opening and closing stores, opening and closing cash registers, and administrative work.

19. Because a portion of patrons' tips is distributed to shift supervisors, Starbucks Baristas have not received the total proceeds of tips that are intended, and required, to be paid to them.

20. In addition, Starbucks does not distribute to Baristas in Training the tips that they earn during their training period.

21. Starbucks also retains tips and fails to distribute them until the end of each week.

**FIRST CLAIM FOR RELIEF**
**(Illegal Pay Deductions and Deductions from Gratuities,**
**N.Y. Lab. L. § § § 193, 196-d and 198-b)**
**Brought by Plaintiffs on Behalf of**
**Themselves and the Class)**

22. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

23. Defendant made illegal deductions from Plaintiffs and Class members' pay.

24. Defendant and/or its agents retained portions of Plaintiffs' tips and Class members' tips.

25. Defendant does not distribute to Baristas in Training the tips that they earn during their training period.

26. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class members are entitled to an award of damages in an amount to be determined at trial and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and members of the Class, pray for relief as follows:

A. Designation of this action as a Class Action pursuant to Rule 23;

    B.    Designation of Plaintiffs as Representatives of the Class;

    C.    An award of damages, according to proof, to be paid by Defendant;

    D.    Costs of action incurred herein, including expert fees;

    E.    Attorneys' fees, including fees pursuant to, N.Y. Lab. L. § 663 and other applicable statutes;

    F.    Pre-Judgment and post-judgment interest, as provided by law; and

    G.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York  
        April 29, 2008

Respectfully submitted,

JOSEPH & HERZFELD LLP

By: _____  
D. Maimon Kirschenbaum (DK-2338)  
   Shannon Liss-Riordan*

Charles E. Joseph (CJ-9442)  
Michael D. Palmer (MD 5090)  
757 Third Avenue  
25th Floor  
New York, NY 10017  
Tel: (212) 688-5640  
Fax: (212) 688-2548

Shannon Liss-Riordan*  
PYLE, ROME, LICHTEN, EHRENBERG, & LISS-RIORDAN, P.C.  
18 Tremont Street  
Suite 500  
Boston, MA 02108  
617-367-7200 Phone  
617-367-4820 Fax  
*Admission Pro Hac Vice Pending*

*Attorneys for Plaintiff and proposed class*

7

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.