UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEANA BARENBOIM, JOSE ORTIZ, and )
REVANS RAGBIR, on behalf of themselves )
and all others similarly situated, )
)
        Plaintiffs, )  Civ. Action No. 08-cv-03318-LTS
)
vs. )
)
STARBUCKS CORPORATION, )
)
        Defendant. )
)

## MOTION FOR CONSOLIDATION

Pursuant to Federal Rule of Civil Procedure 42(a), defendant Starbucks Corporation ("Starbucks") hereby moves for the consolidation of *Harayda v. Starbucks Corporation*, Civil Action No. 7:08-cv-4182-WCC, currently pending before Judge William C. Conner in the United States District Court for the Southern District of New York, with the prior-filed and related instant action, *Barenboim v. Starbucks Corporation*, Civil Action No. 1:08-cv-3318-LTS. Starbucks so moves with the consent of counsel for plaintiff Harayda.

*Harayda* and *Barenboim* present virtually identical factual and legal claims. Accordingly, Starbucks respectfully submits, with the consent of Harayda, that judicial economy and efficiency are best served by consolidating the *Harayda* action with the prior-filed *Barenboim* action for all purposes.

I.   **BACKGROUND**

The *Barenboim* action was filed on April 3, 2008 in the United States District Court for the Southern District of New York and was assigned to this Court. (*See Barenboim* Complaint, Dkt. 1.) The *Harayda* litigation was filed one week later, on April 10, 2008, in the Supreme

Court of New York, Westchester County. (*Harayda* Complaint (attached hereto as Ex. 1).) On May 1, 2008, Starbucks timely removed *Harayda* to the United States District Court for the Southern District of New York. (*See Harayda v. Starbucks Corp.* Docket, S.D.N.Y. Case No. 7:08-cv-4182-WCC.) The case was subsequently assigned to Judge William C. Conner, who presides in the White Plains courthouse for the Southern District of New York.

Plaintiffs in both cases are former entry-level "baristas" who allege that Starbucks violated New York Labor Law by allowing the shift supervisors who worked with baristas to receive a portion of the gratuities left in tip containers located in Starbucks stores. (*See Barenboim* Amended Complaint (Dkt. 4) ¶¶ 15-26; *Harayda* Complaint ¶¶ 7-19, 27-35.) The classes the *Barenboim* and *Harayda* plaintiffs seek to represent are virtually identical. The plaintiffs in the *Barenboim* action seek to certify a class of all baristas employed by Starbucks in the state of New York on or after April 3, 2002. (*Barenboim* Amended Complaint ¶ 7.) Plaintiff in *Harayda* seeks to represent a class of all citizens of New York employed by Starbucks in New York since April 10, 2002 and who shared tips with shift supervisors or other alleged agents of Starbucks.[1] (*Harayda* Complaint ¶ 20.)

## II. CONSOLIDATION OF *BARENBOIM* AND *HARAYDA* IS PROPER PURSUANT TO FED. R. CIV. P. 42

Rule 42(a) of the Federal Rules of Civil Procedure allows for the consolidation of actions where they "involve a common question of law or fact" in order to avoid "unnecessary costs or delay." Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

---

[1] Currently pending before this Court is another action seeking to represent a class of employees claiming that Starbucks tip policies are unlawful. The plaintiffs in *Lawrence, et al. v. Starbucks Corporation*, Civil Action No. 1:08-cv-3734-LTS, seek to represent Starbucks assistant store managers, among others, and allege they should be included within the group of employees who receive gratuities from the tip containers in the company's stores.

District courts have broad discretion to determine whether consolidation is appropriate. *Id.* at 1285; *see also Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993). Courts within the Southern District have encouraged consolidation of actions if there is substantial overlap, even where cases are not identical. *See, e.g., In re Fuwei Films Sec. Lit.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008).

The allegations, proposed classes, and legal claims asserted in *Barenboim* and *Harayda* are virtually identical. Both sets of plaintiffs allege similar facts and bring their claims under the same provisions of New York Labor Law. The cases also involve common questions of law and fact that are best determined in a single proceeding. Furthermore, the adjudication of these matters together avoids any danger of inconsistent verdicts, should both of these matters proceed to trial or be decided on summary judgment. Finally, Starbucks, as the defendant, would face unnecessary costs, burden and prejudice by having to simultaneously defend against two overlapping Rule 23 class actions asserting identical claims and failure to consolidate may also result in a waste of judicial resources. Accordingly, consolidation of *Harayda* with the *Barenboim* action is proper. *See, e.g., In re Fuwei Films*, 247 F.R.D. at 435 (consolidating class actions with similar claims); *Reimer v. Ambac Fin. Grp., Inc.*, 2008 WL 2073931, at *1 (S.D.N.Y. May 9, 2008) (same).

### III. CONCLUSION

For the foregoing reasons, Starbucks, with the consent of counsel for plaintiff Harayda, respectfully requests that the Court consolidate *Harayda v. Starbucks Corporation*, Civil Action No. 7:08-cv-4182-WCC, currently pending before Judge William C. Conner in the United States District Court for the Southern District of New York, with the prior-filed and related instant

action, *Barenboim v. Starbucks Corporation*, Civil Action No. 1:08-cv-3318-LTS currently pending before this Court.

                                                  Respectfully submitted,

DATED: May 22, 2008                          _____/s/_____

                                                  Samidh Guha
                                                  AKIN GUMP STRAUSS HAUER & FELD LLP
                                                  590 Madison Avenue
                                                  New York, NY 10022
                                                  Telephone: (212) 872-1000
                                                  Facsimile: (212) 872-1002
                                                  sguha@akingump.com

                                                  ATTORNEY FOR DEFENDANT
                                                  STARBUCKS CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Consolidation was served this 22 day of May, 2008 via the ECF filing system (registered users) or via U.S. Mail on the following:

Mr. D. Maimon Kirschenbaum
Mr. Charles Joseph
Mr. Michael D. Palmer
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017

Ms. Shannon Liss-Riordan
Mr. Harold L. Lichten
Ms. Hillary Schwab
PYLE, ROME, LICHTEN, EHRENBERG &
LISS-RIORDAN, P.C.
18 Tremont Street
Suite 500
Boston, MA 02108

Lester L. Levy
Michele F. Raphael
Natalie M. Mackiel
WOLF POPPER LLP
845 Third Avenue
New York, NY 10022

_____/s/_____
Samidh Guha