**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| JEANA BARENBOIM, JOSE ORTIZ, and REVANS RAGBIR, on behalf of themselves and all others similarly situated, )))) | ) |
| Plaintiffs, ) | Civ. Action No. 08-cv-03318-LTS |
| vs. ) | |
| STARBUCKS CORPORATION, ) | |
| Defendant. ) | |

**ANSWER TO AMENDED COMPLAINT**

Defendant Starbucks Corporation ("Starbucks") hereby submits its Answer to plaintiffs

Jeana Barenboim, Jose Ortiz and Revans Ragbir's Amended Complaint.  Starbucks denies each

and every allegation contained in Plaintiffs' Amended Complaint ("Complaint") except as

expressly admitted herein.

1.      Starbucks admits that plaintiffs purport to bring an action against Starbucks as

alleged in the Complaint.

**JURISDICTION AND VENUE**

2.      Paragraph 2 of the Complaint states legal conclusions to which no response is

required.  To the extent a response is required, Starbucks admits that it is a citizen of Washington

with its corporate headquarters in Washington, that it conducts business in the state of New York,

and that the amount in controversy exceeds $5,000,000.  Starbucks is without sufficient

knowledge to form a belief as to the truth or accuracy of the remaining allegations in Paragraph

2, and therefore denies them.

**THE PARTIES**

3.      Starbucks admits the allegations in Paragraph 3 of the Complaint.

4.      Starbucks admits that plaintiff Jeana Barenboim was employed as a barista at Starbucks in New York within the last six years.  Starbucks is without sufficient knowledge to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 4 of the Complaint, and therefore denies them.

5.      Starbucks denies that plaintiff Jose Ortiz was employed as a barista at Starbucks in New York within the last six years.  Starbucks is without sufficient knowledge to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 5 of the Complaint, and therefore denies them.

6.      Starbucks admits that plaintiff Revans Ragbir was employed as a barista at Starbucks in New York within the last six years.  Starbucks is without sufficient knowledge to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 6 of the Complaint, and therefore denies them.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

7.      Starbucks admits that plaintiffs purport to bring this action as a class action pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 based on the class definition stated in Paragraph 7 of the Complaint.  Starbucks denies the remaining allegations in Paragraph 7 of the Complaint, and denies that this case may be maintained as a class action.

8.      Paragraph 8 states legal conclusions to which no response is required.  To the extent a response is required, Starbucks admits that it maintains records regarding the hours worked, positions held, and rates of pay of its baristas.  Starbucks denies the remaining allegations in Paragraph 8 of the Complaint.

9.      Paragraph 9 states legal conclusions to which no response is required.  To the extent a response is required, Starbucks admits that plaintiffs' proposed class includes more than 100 members.  Starbucks denies the remaining allegations in Paragraph 9 of the Complaint.

10.     Paragraph 10 states legal conclusions to which no response is required.  To the extent a response is required, Starbucks denies the allegations in Paragraph 10 of the Complaint.

11.     Paragraph 11 states legal conclusions to which no response is required.  To the extent a response is required, Starbucks is without sufficient knowledge to form a belief as to the truth or accuracy of the allegations in Paragraph 11 of the Complaint, and therefore denies them.

12.     Paragraph 12 states legal conclusions to which no response is required.  To the extent a response is required, Starbucks denies the allegations in Paragraph 12 of the Complaint.

13.     Starbucks denies the allegations in Paragraph 13 of the Complaint.

14.     Paragraph 14 states legal conclusions to which no response is required.  To the extent a response is required, Starbucks denies the allegations in Paragraph 14 of the Complaint.

## FACTS

15.     Starbucks denies the allegations in Paragraph 15 of the Complaint.

16.     Starbucks denies the allegations in Paragraph 16 of the Complaint.

17.     Starbucks denies the allegations in Paragraph 17 of the Complaint.

18.     Starbucks denies the allegations in Paragraph 18 of the Complaint.

19.     Starbucks denies the allegations in Paragraph 19 of the Complaint.

20.     Starbucks denies the allegations in Paragraph 20 of the Complaint.

21.     Starbucks denies the allegations in Paragraph 21 of the Complaint.

## FIRST CLAIM FOR RELIEF

22.    Starbucks repeats and incorporates by reference its response to Paragraphs 1-21 as its response to Paragraph 22 of the Complaint.

23.    Starbucks denies the allegations in Paragraph 23 of the Complaint.

24.    Starbucks denies the allegations in Paragraph 24 of the Complaint.

25.    Starbucks denies the allegations in Paragraph 25 of the Complaint.

26.    Starbucks denies the allegations in Paragraph 26 of the Complaint.

## PRAYER FOR RELIEF

Starbucks admits that plaintiffs purport to seek the relief requested in Paragraphs (A)-(G) of their Prayer for Relief.  Starbucks denies all other allegations in Plaintiffs' Prayer for Relief and denies that plaintiffs are entitled to the relief requested in Paragraphs (A)-(G) of the Complaint.

## DEMAND FOR JURY TRIAL

Starbucks admits that plaintiffs purport to demand a trial by jury on all causes of action and claims to which they claim to have a right to jury trial.  Starbucks denies all other allegations in Plaintiffs' Jury Demand.

## DEFENDANT STARBUCKS CORPORATION'S DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel,

laches, ratification, acquiescence, accord and satisfaction, and release.

### FOURTH DEFENSE

Plaintiffs lack standing to assert some or all of the claims asserted in the Complaint.

### FIFTH DEFENSE

At all relevant times, Starbucks and its agents have acted in good faith and with a

reasonable belief that they had not violated any provision of the New York Labor Law.

### SIXTH DEFENSE

The Complaint fails to allege facts sufficient to allow recovery of punitive, liquidated, or

exemplary damages from Starbucks.

### SEVENTH DEFENSE

Plaintiffs have failed to join all indispensable and/or necessary parties for the just and

complete adjudication of the matters alleged.

### EIGHTH DEFENSE

Plaintiffs' claims are subject, in whole or in part, to Starbucks right to set-off.

### NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### TENTH DEFENSE

Starbucks did not willfully deprive any person of any wages, gratuities, compensation, or

monies to which they may have been entitled.

### ELEVENTH DEFENSE

Any recovery to which plaintiffs may be entitled must be barred or reduced because of Plaintiffs' failure to mitigate damages.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that plaintiffs have suffered no damages.

## THIRTEENTH DEFENSE

The Complaint fails to state a claim upon which declaratory or injunctive relief can be granted.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of collateral estoppel and *res judicata*.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the *de minimis* doctrine.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred because Starbucks has not demanded, accepted, received, requested, or deducted, whether directly or indirectly, any part of the gratuities received by plaintiffs, or any other payment to which plaintiffs may be entitled pursuant to New York Labor Law, Article 6, §§ 190 *et seq*.

## ADDITIONAL DEFENSES

Starbucks reserves the right to add to this Answer and to rely upon affirmative defenses disclosed by further investigation and discovery.

WHEREFORE, having fully answered the Complaint, Starbucks prays for relief as follows:

6

1.      For an Order dismissing Plaintiffs' Complaint with prejudice;

2.      For an Order granting Starbucks its attorneys' fees, costs and disbursements

incurred in defending this action.

3.      Such other and further relief that the Court deems just and equitable.


                                    Respectfully submitted,

DATED: May 29, 2008                 _____/s/_____
                                    Samidh Guha
                                    AKIN GUMP STRAUSS HAUER & FELD LLP
                                    590 Madison Avenue
                                    New York, NY  10022
                                    Telephone: (212) 872-1000
                                    Facsimile: (212) 872-1002
                                    sguha@akingump.com

                                    ATTORNEY FOR DEFENDANT
                                    STARBUCKS CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer to Amended

Complaint was served this 29th day of May, 2008 via the ECF filing system (registered users) or

via U.S. Mail on the following:


D. Maimon Kirschenbaum
Charles Joseph
Michael D. Palmer
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017

Shannon Liss-Riordan
Harold L. Lichten
Hillary Schwab
PYLE, ROME, LICHTEN, EHRENBERG &
LISS-RIORDAN, P.C.
18 Tremont Street
Suite 500
Boston, MA 02108


_____/s/_____
Samidh Guha