UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
IN RE STARBUCKS EMPLOYEE        :
GRATUITY LITIGATION             :         MASTER FILE
                                :         08 Civ. 3318 (LTS)
                                :
                                :
This Document Relates to:       :
All Actions                     :         PRELIMINARY PRETRIAL
                                :         STATEMENT
                                :
-----------------------------------------------------------x

Pursuant to the Court's Initial Conference Orders dated April 14, 2008 and June 5, 2008 and Fed. R. Civ. P. 26(f), plaintiffs Jeana Barenboim, Julianne Harayda, Jose Ortiz, and Revans Ragbir (collectively, "plaintiffs") and defendant Starbucks Corporation respectfully submit the following Joint Preliminary Pretrial Statement.

## CONCISE STATEMENT OF NATURE OF THE ACTION

Plaintiffs bring this action on behalf of themselves and other similarly situated individuals alleging violations of New York Labor Law §§ 193, 196-d, and 198-b. Plaintiffs allege that they have not received the total proceeds of tips to which they were entitled because Starbucks allows shift supervisors to share in the tips. Plaintiffs contend that because shift supervisors are agents of Starbucks, they are not permitted to participate in a tip pool with plaintiffs. Plaintiffs also contend that Starbucks has violated New York law by not allowing baristas to receive tips while they are in training and by not permitting baristas to receive the tips they received on their shift but instead pooling and distributing the tip proceeds on a weekly basis. Plaintiffs seek to represent a class of individuals who were employed by Starbucks in the State of New York during the past six years and shared their tips with shift supervisors and other agents of Starbucks, pursuant to Fed. R. Civ. P. 23.

Defendant denies plaintiffs' allegations and maintains that its tip distribution policies are lawful. Defendant contends that shift supervisors are customer service employees and not employers or agents of Starbucks, and thus are entitled to share in tips left by customers in tip containers at defendant's stores. Defendant also contends that baristas receive tips while they are in their training period, and that New York Labor Law allows for the distribution of tips on a weekly basis. Finally, defendant contends that plaintiffs may not maintain this consolidated action as a class action pursuant to Fed. R. Civ. P. 23.

## CONCISE STATEMENT AS TO JURISDICTION AND VENUE

The parties agree that this Court has federal diversity jurisdiction over this consolidated action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Plaintiffs are citizens of the State of New York and defendant is a citizen of the State of Washington with its principal place of business in Washington. Upon plaintiffs' information and belief and defendant's knowledge, the amount in controversy in these proposed class actions exceeds $5,000,000, exclusive of interests and costs, and the proposed class includes more than 100 members.

## CONCISE STATEMENT OF MATERIAL UNCONTESTED FACTS

The parties do not dispute the following facts:

1. Plaintiffs worked for Starbucks as baristas in the State of New York;

2. Plaintiffs received an hourly wage at or above the state and federal minimum wage during their employment as baristas;

3. Gratuities left in containers at Starbucks stores are divided between baristas and shift supervisors; and

4. Gratuities divided between baristas and shift supervisors are distributed to baristas and shift supervisors on a weekly basis.

## CONCISE STATEMENT OF UNCONTESTED LEGAL ISSUES

There are no uncontested legal issues, except that the parties do not dispute that New York law applies to the named plaintiffs' employment relationship with defendant during the period plaintiffs were employed in the State of New York.

## CONCISE STATEMENT OF LEGAL ISSUES TO BE DECIDED BY THE COURT

The legal issues the Court will be asked to decide include the following:

1. Whether plaintiffs may maintain their claims as a class action pursuant to Fed. R. Civ. P. 23;

2. Whether Starbucks made a "charge against wages, or require[d] an employee to make any payment by separate transaction…" in violation of New York Labor Law § 193;

3. Whether Starbucks or its agents or officers "demand[ed] or accept[ed], directly or indirectly, any part of the gratuities, received by an employee, or retain[ed] any part of a gratuity or any charge purported to be a gratuity for an employee" in violation of New York Labor Law § 196-d;

4. Whether Starbucks shift supervisors are "agents" under New York Labor Law § 196-d;

5. Whether Starbucks "request[ed], demand[ed], or receive[d]… a return, donation, or contribution of any part or all of [] employee's wages… upon the statement, representation, or understanding that failure to comply with such request or demand will prevent such employee from procuring or retaining employment" in violation of New York Labor Law § 198-b;

6. Whether baristas received all gratuities to which they were entitled during their training period;

3

7. Whether baristas are entitled to receive tips left by customers at each shift, or whether it is legal for tips to be divided on a weekly basis; and

8. If plaintiffs succeed in proving any of their asserted claims, whether any of defendant's affirmative defenses preclude or limit plaintiffs' recovery in whole or in part.

## CONCISE STATEMENT OF MATERIAL DISPUTED FACTS

### A. Plaintiffs' Statement of Material Disputed Facts

Plaintiffs assert the following facts: While employed by defendant, plaintiffs made an hourly wage, plus a portion of gratuities collected from customers in tip jars at the registers. While plaintiff was employed at Starbucks, the shift supervisor removed the tips from the tip jars at the registers, logged the amount of tips collected each day, and put the collective tip amount in the store safe. At the end of each week, employees received their weekly share of tips, in cash, in a brown paper bag taped to their paychecks. The baristas at Starbucks as well as the shift supervisors received a portion of the weekly gratuities.

The shift supervisors at Starbucks have managerial duties including supervising baristas, handling store keys, opening and closing stores, handling cash, opening and closing cash registers, and administrative duties. Shift supervisors are responsible for operations when store managers are away, and have the power and authority to discipline baristas through performance reviews.

### B. Defendant's Statement of Material Disputed Facts

Defendant asserts the following facts: Baristas and shift supervisors are generally the only hourly "partners" (Starbucks term for "employees") in Starbucks stores in New York. Baristas and shift supervisors spend the vast majority of their time working side-by-side performing the same direct customer service tasks. Shift supervisors are not management

employees, and do not have the authority to, *inter alia,* hire, fire, promote, evaluate, or schedule employees, or discipline employees through performance reviews.

Defendant provides tip containers at its stores for customers who desire to leave gratuities for the service they receive. Starbucks does not allow store managerial employees (assistant store managers and store managers) to handle or distribute these gratuities. Instead, baristas and shift supervisors are responsible for collecting, counting, and distributing customer gratuities left in the tip container. These gratuities are divided amongst the company's hourly employees (baristas and shift supervisors) in proportion to the amount of time they worked during each workweek. Baristas in training are among those partners who receive gratuities from this distribution.

**PLAINTIFFS' STATEMENT OF LEGAL BASES FOR THEIR CAUSES OF ACTION**

Plaintiffs' claims are based on §§ 193, 196-d, and 198-b of the New York Labor Law. Cases plaintiffs intend to rely on include *Chan v. Triple 8 Palace*, 2006 WL 851749 (S.D.N.Y. Feb. 1, 2007) and *Ayres v. 127 Restaurant Corp.*, 12 F. Supp. 2d 305, 308 (S.D.N.Y. 1998). Plaintiffs also intend to rely on the court's decision in *Chou et al. v. Starbucks Corporation*, No. GIC 836925 (Cal. Superior Court, County of San Diego) that Starbucks violated California state tips laws in allowing shift supervisors to share in the tip pool.

Plaintiffs also contend that this case may be maintained as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all persons employed by Starbucks as baristas in the State of New York during the past six years.

**DEFENDANT'S STATEMENT OF THE LEGAL BASES OF ITS DEFENSES**

Defendant contends that plaintiffs' claims fail under §§ 193, 196-d, and 198-b of the New York Labor Law. Defendant intends to rely on these statutory provisions and the case authority

interpreting them, including *Ayers v. 127 Restaurant Corp.,* 12 F. Supp. 2d 305 (S.D.N.Y. 1998) and *Chan v. Triple 8 Palace,* 2006 WL 851749 (S.D.N.Y. March 30, 2006), in its defense to plaintiffs' claims. Defendant also intends to rely on the Regional Director's decision in *Starbucks Corp.*, Case No. 2-RC-22852 that shift supervisors in Downtown New York City are not "supervisors" under § 2(11) of the National Labor Relations Act.

Defendant further intends to defend against all or part of plaintiffs' claims on a variety of statutory and common-law grounds set forth in defendant's answer. The statutory authority upon which defendant intends to rely includes, but is not limited to: New York Labor Law §§ 190 (definitions); 191 (frequency of payments), and 198 (statute of limitations and willfulness).

Defendant also intends to defend against plaintiffs' claim that this case may proceed as a class action by relying on Fed. R. Civ. P. 23(a)-(b) and cases interpreting these standards, *see, e.g., Noble v. University Place Corp.,* 224 F.R.D. 330 (S.D.N.Y. 2004).

## MEASURE AND BURDEN OF PROOF

Plaintiffs bear the burden of proving a violation of §§ 193, 196-d, and 198-b of the New York Labor Law by a preponderance of the evidence. Plaintiffs also bear the burden of demonstrating that the requirements of class certification under Fed. R. Civ. P. 23 have been met.

Defendant bears the burden to establish an affirmative defense by a preponderance of the evidence.

## AMENDMENTS TO PLEADINGS

Plaintiffs do not currently intend to amend the pleadings, nor do they believe that additional parties need to be joined at this time.

Defendant does not currently intend to amend the pleadings, but believes it may be necessary to join additional parties pursuant to Fed. R. Civ. P. 19.

The parties reserve the right to amend the pleadings or join additional parties as discovery proceeds in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. The parties agree to the following deadline for amending the pleadings and joining additional parties: 60 days following the Court's order on class certification.

## STATEMENT REGARDING TRANSFER TO A MAGISTRATE JUDGE

The parties do not consent to the transfer of this case to a Magistrate Judge for all purposes, and specifically do not consent to transfer to a Magistrate Judge for trial.

## CHANGES TO REQUIREMENTS FOR DISCLOSURE UNDER RULE 26(a)

The parties do not anticipate that there will be any changes to the form or requirements for disclosures under Fed. R. Civ. P. 26(a). The parties agree to exchange disclosures under Fed. R. Civ. P. 26(a)(1) on or before August 1, 2008.

## DISCLOSURES AND DISCOVERY

### A. Plaintiffs' Statement as to Disclosure and Discovery

Plaintiffs anticipate that discovery will be needed regarding the following topics: (1) defendant's employment practices, including job descriptions and employment manuals (including, but not limited to, the duties of Starbuck's shift supervisors); (2) defendant's payroll practices and records; and (3) defendant's policies relating to tips.

Plaintiffs oppose any birfurcation of discovery. The facts needed to support a class motion, namely, numerosity, that plaintiffs' claims are typical of those of the members of the class, and that there are common issues of law and fact among class members, are equally relevant to the merits – defendant's tip pooling practices and job divisions must be ascertained for the class motion and form the basis for plaintiffs' allegations. Hence, any attempt to separate these material facts of tip pooling and job divisions and to pigeon-hole them into either a "class

7

certification" or a "merits" category will give rise to unnecessary delay and expense, and lead to numerous discovery disputes. Bifurcation will also subject witnesses to multiple depositions.

Delaying full merits discovery is particularly inappropriate in this action which is likely to be resolved by an early summary judgment motion. Plaintiffs do not anticipate material factual disputes as to defendant's tip pooling practices and job divisions/responsibilities. Further, delaying all discovery as to damages will prevent any possibility of settlement.

### B. Defendant's Statement as to Disclosure and Discovery

Defendant anticipates that discovery will be needed regarding (1) the named plaintiffs' underlying claims, including their work experiences and suitability as class representatives, (2) the duties and activities of shift supervisors, (3) the practices and policies regarding the provision and distribution of gratuities within plaintiffs' proposed class, and (4) plaintiffs' claimed damages.

Defendant proposes a bifurcated discovery process to avoid burdensome and potentially unnecessary damages discovery and to permit the parties to pursue appropriate additional discovery of witnesses and documents following the Court's class certification decision. The first phase would limit discovery to class certification issues and the merits of the claims of the named plaintiffs. Defendant proposes that the deadline for completion of the first phase of discovery be 180 days from the entry of the Court's scheduling order. The second phase would limit discovery to the issue of damages and any additional trial witnesses identified in light of the Court's order on class certification and any motions for summary judgment following the first phase. Defendant proposes that the deadline for completion of the second phase of discovery would be 90 days from the Court's class certification order or the formation and identification of the final class for purposes of trial (including all opt-outs, as applicable), whichever is later.

### EXPERT DISCOVERY

The parties have not yet determined whether and the extent to which expert evidence will be required in this case. Plaintiffs propose that expert discovery shall be disclosed 60 days after the close of fact discovery. Defendant proposes that expert reports for all issues other than damages be disclosed 60 days after the close of the first phase of discovery, and that expert reports for damages issues be disclosed 60 days after the second phase of discovery, with appropriate periods set for expert depositions, rebuttal reports, and other appropriate expert discovery.

### LIMITATIONS ON DISCOVERY

Plaintiffs agree to cooperate to keep discovery limited. At this time, Plaintiffs do not believe that an extension to the limitations imposed on the number of depositions by Fed. R. Civ. P. 30 will be necessary. While Plaintiffs do believe that the 25-interrogatory limit imposed by Fed. R. Civ. P. 33 may be inappropriate, it is premature at this time to determine the necessary number of depositions and their lengths and the number of interrogatories. Again, plaintiffs do not believe that there should be any bifurcation of discovery nor delay of discovery as to damages.

Defendants believe that discovery should be limited to the extent provided in Fed. R. Civ. P. 30 and Fed. R. Civ. P. 33. Defendant requests that the Court limit cumulative and duplicative discovery by ordering that each individual witness or witness identified pursuant to Fed. R. Civ. P. 30(b)(6) may be deposed only once in this consolidated action, and that one counsel for the *Harayda* plaintiffs and one counsel for the *Barenboim* plaintiffs may attend and question the witness. Defendant further requests that the Court limit burdensome and potentially unnecessary

discovery by ordering that discovery as to damages be limited to the second phase of discovery as described in defendant's discovery proposal.

### SETTLEMENT DISCUSSIONS

The parties have not engaged in settlement discussions.

### STATEMENT AS TO JURY TRIAL

Plaintiffs request a trial by jury. Defendant requests a trial by jury.

Plaintiffs Jeana Barenboim, Jose Ortiz, and Revans Ragbir anticipate presentation of their case will take approximately one-to-two weeks. Defendant anticipates presentation of its defense will take approximately one-to-two weeks.

### OTHER ORDERS UNDER FED. R. CIV. P. 26(c) OR FED. R. CIV. P. 16(b) AND (c)

The parties anticipate motions practice under Fed. R. Civ. P. 23 and 56. Plaintiffs will comply with Fed. R. Civ. P. 23 and move for certification at an early practicable time. The parties anticipate that motions for summary judgment will be served no later than 60 days following the close of discovery.

Defendant anticipates filing a motion for a protective order pursuant to Fed. R. Civ. P. 26(c) to restrict disclosure and use of confidential business proprietary and employee information produced in discovery. Defendant will confer with plaintiffs regarding the form and content of such an order, and will endeavor to submit a stipulated motion and order to the Court.

DATED: July 3, 2008

Respectfully submitted,

Shannon Liss – Riordan
Harold L. Lichten
Hillary Schwab

Lester L. Levy
Michele F. Raphael
Natalie M. Mackiel

| | |
|---|---|
| PYLE, ROME, LICTEN, EHRENBERG & LISS-RIORAN, P.C.<br>18 Tremont St., Suite 500<br>Boston, MA 02108<br>(617) 367 7200<br><br>ATTORNEYS FOR PLAINTIFFS<br>BARENBOIM, ORTIZ, AND RAGBIR | WOLF POPPER LLP<br>845 Third Avenue<br>New York, NY 10022<br>(212) 759-4600<br><br>ATTORNEYS FOR PLAINTIFF<br>JULIANNE HARAYDA |

D. Maimon Kirschenbaum
Charles Joseph
Michael Palmer
JOSEPH & HERZFELD LLP
757 Third Aenue
New York, NY 10017
(212) 688-5640

ATTORNEYS FOR PLAINTIFFS
BARENBOIM, ORTIZ, AND RAGBIR

_/s/ Samidh Guha_
Samidh Guha
sguha@akingump.com
AKIN GUMP STRAUSS HAUER & FELD, LLP
590 Madison Avenue
New York, NY 10022
(212) 872-1015 (telephone)
(212) 872-1002 (facsimile)

Daniel L. Nash
dnash@akingump.com
Nathan J. Oleson
noleson@akingump.com
Jessica W. Paniccia
jpaniccia@akingump.com
AKIN GUMP STRAUSS HAUER & FELD, LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
(202) 887-4000 (telephone)
(202) 887-4288 (facsimile)

Gregory W. Knopp
gknopp@akingump.com
AKIN GUMP STRAUSS HAUER & FELD, LLP

2029 Century Park East
Suite 2400
Los Angeles, CA 90067
(310) 229-1000 (telephone)
(310) 229-1001 (facsimile)

ATTORNEYS FOR DEFENDANT
STARBUCKS CORPORATION