**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE STARBUCKS EMPLOYEE GRATUITY LITIGATION | MASTER FILE<br>08 Civ. 3318 (LTS) |
| This Document Relates to:<br>All Actions | Class Action |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

**WOLF POPPER LLP**
Lester L. Levy
Michele F. Raphael
Natalie M. Mackiel
845 Third Avenue
New York, NY 10022
(212) 759-4600

Attorneys for Plaintiff Julianne Harayda

Plaintiff Julianne Harayda ("Plaintiff," "Harayda") submits this memorandum in support of her motion for an order appointing Wolf Popper LLP ("Wolf Popper") as Interim Class Counsel, pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure. Wolf Popper will litigate this case in an efficient and effective manner in order to obtain the largest possible recovery for the class.

## I.  BACKGROUND

On March 19, 2008, the Superior Court of the State of California, San Diego ordered Starbucks Corporation ("Starbucks," the "Company" or "Defendant") to pay $86.7 million in restitution, plus 7% interest to present and former Starbucks baristas for tips they shared with shift supervisors because Starbucks' practice of sharing tips among baristas and shift supervisors violated California law. Chou et al. v. Starbucks Corporation, No. GIC 836925 (Cal. Super. Ct., County of San Diego).

In response to the California ruling, similar lawsuits were filed across the country, including the present consolidated actions, Harayda v. Starbucks Corporation, 1:08-cv-04182-LTS ("Harayda action"), and Barenboim v. Starbucks Corporation, 1:08-cv-03318-LTS ("Barenboim action").

**Harayda Action**

Plaintiff Harayda brought claims against Starbucks Corporation on behalf of herself and a class of all other persons employed by Starbucks in the State of New York during the past six years (the "Class"), arising from Starbucks' practice of sharing employee gratuities among baristas and shift supervisors. She filed her action in the Supreme Court of the State of New York, Westchester County on April 10, 2008. On May 1, 2008, Defendant Starbucks removed the action to the Southern District of New York. On May 15, 2008, Starbucks filed an Answer

to Plaintiff Harayda's complaint.  <u>Declaration of Michele Fried Raphael in Support of Motion for Appointment of Interim Class Counsel</u>, (hereinafter referred to as the "<u>Raphael Decl.</u>") at ¶3.

Plaintiff Harayda is represented by Wolf Popper, a New York law firm that is nationally recognized for its class action practice.

**<u>Barenboim Action</u>**

The plaintiffs in the <u>Barenboim</u> action filed their complaint on April 3, 2008.  On April 14, 2008, they were ordered by the Court to file a supplement to the complaint due to their failure adequately to allege subject matter jurisdiction.  The <u>Barenboim</u> plaintiffs filed their amended complaint on April 29, 2008, and Defendant Starbucks filed an Answer thereto on May 29, 2008.  <u>Raphael Decl.</u>, ¶ 5.  The Barenboim plaintiffs are represented by both, Pyle, Rome Lichten, Ehrenberg & Liss-Riordan, P.C. in Massachusetts and Joseph & Herzfeld LLP, in New York  ("Barenboim Counsel").

**<u>Consolidation</u>**

On May 27, 2008, Defendant Starbucks moved to consolidate the <u>Harayda</u> action with the <u>Barenboim</u> action.  There was no objection.  This Court granted the motion on June 16, 2008, and the actions are currently pending before the Court as <u>In re Starbucks Employee Gratuity Litigation</u>.  <u>Raphael Decl.</u>, at ¶ 6.  As recognized in the consolidation order, the <u>Harayada</u> and the <u>Barenboim</u> actions involve similar subject matter and similar issues and were consolidated in the interests of judicial economy. The actions were consolidated for all purposes.

Once the cases were consolidated, Wolf Popper repeatedly reached out to the Barenboim Counsel.  The latter were reluctant to speak with Wolf Popper, and even after cooperative discussions began, they repeatedly made overtures to Defendant in this consolidated action without the knowledge of Wolf Popper.  <u>Raphael Decl.</u>, ¶¶ 7-11.  Given such conduct, and Wolf

Popper's ability to effectively and efficiently litigate this class action, plaintiff Harayda respectfully requests that the Court approve Wolf Popper as Interim Class Counsel, in accordance with Fed. R. Civ. P. 23(g).  As detailed herein, Wolf Popper has extensive experience in class action litigation and is highly qualified to represent the interests of all class members.

## II. ARGUMENT

### A. WOLF POPPER SHOULD BE APPOINTED INTERIM CLASS COUNSEL

#### 1. Wolf Popper is Experienced in Class Action Litigation and Most Qualified under Fed. R. Civ. P. 23

"[T]he considerations set out in Rule 23(g)…, which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification." In re Air Cargo Shipping Servs. Antitrust Litig., 240 F.R.D. 56, 57 (E.D.N.Y. 2006).  As stated in the Manual for Complex Litigation, in appointing lead counsel, the court should "conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." See Manual for Complex Litigation (Fourth) § 10.22 (2004).  The most important factor is "achieving efficiency and economy without jeopardizing fairness to parties." Id. at § 10.221.  Wolf Popper meets all of the Fed R. Civ. P. 23(g) requirements and has been repeatedly recognized in this district and nationwide, as highly qualified to represent plaintiff classes.

With respect to the factors outlined in  Fed R. Civ. P. 23(g)(1)(A)(i)-(iv):

#### (a) Wolf Popper has identified and investigated the claims in the action

Prior to bringing the complaint against Starbucks on behalf of Plaintiff Harayda, Wolf Popper investigated the potential claims with detailed care, and reviewed relevant legal precedent

to best ensure the viability of the claims.  Raphael Decl., ¶ 4.  Wolf Popper drafted and filed plaintiff Harayda's complaint with attention to detail and a focus on the interests of the Class.

Since filing, Wolf Popper has vigilantly and vigorously litigated the claims of plaintiff Harayda and the proposed class against Defendant Starbucks.  Wolf Popper made significant changes/contributions to the Pre-trial statement and has been willing to cooperate with defense counsel and other plaintiffs' counsel.  Raphael Decl., ¶¶ 7, 9 and 10.

### (ii) and (iii)   Wolf Popper is highly experienced in handling class actions and other complex litigation, and the types of claims asserted in the action and has knowledge of the law applicable in this case

Wolf Popper, based in New York City, is a nationally recognized law firm with decades of experience in the field of class actions.  Founded in 1945, the firm is a leader in efforts to protect the interests of defrauded investors and consumers, prosecuting hundreds of actions under federal and state laws throughout the United States, and has recovered billions of dollars for aggrieved parties. The firm is also knowledgeable as to employee/employer issues.  Raphael Decl., ¶ 14 and Exhibit A.

Prosecuting this action on behalf of the class are the following:

Lester L. Levy, Chairman and Managing Partner of Wolf Popper, who has prosecuted hundreds of class actions, and has recovered over one billion dollars for the class members he has represented. He is a recognized leader in the field of complex class action litigation and has lectured in complex litigation at the University of Illinois and the University of Miami Law Schools.  He was selected as a New York "Super Lawyer"® for 2007, placing him among the top 5% of attorneys practicing in New York City.

Michele Fried Raphael, is a partner at Wolf Popper and has more than a decade of experience at the firm successfully litigating class action claims. Ms. Raphael has actively and

successfully represented plaintiffs in consumer fraud class actions, and general commercial litigation.

Wolf Popper, including Mr. Levy and Ms. Raphael, was counsel for plaintiffs in <u>In re Coordinated Title Insurance Cases</u>, Index No.009600/03 (N.Y. Sup. Ct. Nassau County), a New York consumer fraud action brought against various Title Insurance Companies for their failure to charge the discounted rate for title insurance premiums in qualified refinancing transactions as well as their failure to provide borrowers with notice of the discount. In approving the settlement of over $31 million, one of the largest consumer class actions in the history of that court, at the hearing held on July 29, 2005, the court stated:

> And it's this Court's very strong opinion that what we have had before us on all sides . . . was lawyering of the highest quality. It's always enjoyable for the Court to have high quality lawyering in front of it. It's always my opinion that it raises the level of the Bench when the lawyers before it proceed in a very high fashion, which has happened in this case.

<u>Raphael Decl.</u>, ¶ 16 and Exhibit A.

In <u>Buxbaum v. Deutsche Bank, A.G.</u>, 98 Civ. 8460 (JGK) (S.D.N.Y.), Wolf Popper, including Mr. Levy and Ms. Raphael, was co-lead counsel for the class in a securities fraud action that recovered $58 million on behalf of defrauded Bankers Trust shareholders. The $58 million recovery, obtained on the eve of trial, was equivalent to approximately 48% of the class's maximum possible recovery, and approximately 96% of the class's most likely recovery.

Wolf Popper was recently appointed Plaintiffs' co-lead counsel by Judge Sidney Stein in the Citigroup ERISA litigation, Civil Action No: 07 Civ. 9790 (SHS) (DCF) (S.D.N.Y.). Also recently, in the <u>Motorola Securities Litigation</u>, No. 03 C287 (N.D. Ill.), Wolf Popper represented the lead plaintiff, the State of New Jersey, Department of Treasury, Division of Investment and the Court stated: "You did a great very professional job here. This was hard fought, but

extremely professionally fought battle and I appreciate it.  Thank you." Raphael Decl., Exhibit A, Biography of Lester L. Levy.

Wolf Popper has also litigated and advised its clients in labor matters, including sexual harassment, human resources and workforce issues.  Raphael Decl., ¶ 14.

### (iv) **Wolf Popper will commit the resources necessary to represent the Class, while achieving efficiency and economy for the Class.**

Wolf Popper is a well established, successful law firm with the resources and personnel necessary to pursue this case. Wolf Popper has successfully pursued numerous large-scale class actions from start to finish, and has the resources and personnel necessary to zealously represent the interests of former and present Starbucks baristas in this action.  Raphael Decl., ¶ 14.  It is also committed to the efficient litigation of this matter – minimizing attorney hours and expenses.  The firm has staffed the case with a senior partner, a junior partner and an associate.  Such balance best ensures high quality representation without unnecessarily high costs. In addition, Wolf Popper is a New York firm so that there will no need for travel expenses, either for court hearings or depositions, which are all appropriate in this district.

On the other hand, Barenboim Counsel already consists of two firms, one in New York and one out of state.  Six attorneys from the two firms have set themselves up to receive electronic notices on behalf of the Barenboim plaintiffs. Comparing the three experienced attorneys from Wolf Popper to the six attorneys from the two firms representing the Barenboim Plaintiffs,  Barenboim Counsel are likely to have a significantly higher lodestar than Wolf Popper if Barenboim Counsel were leading the case.  Moreover, Ms. Liss-Riordan, of the Pyle Rome firm in Massachusetts appears to have taken the lead role among the Barenboim Counsel and her appearance in New York for hearings, depositions and meetings will mean travel

expenses and time that would be unnecessary if Wolf Popper leads the case. Hence, it is more efficient and less costly to the Class if the class action is lead by Wolf Popper.

### B. Barenboim Counsel has been Uncooperative

In addition to the factors outlined in the text of Fed. R. Civ. P. 23(g), the Court "may consider any other factors relevant to counsel's ability to fairly and adequately represent the interests of the class." In re J.P. Morgan Chase Cash Balance Litig., 242 F.R.D. 265, 277 (S.D.N.Y. 2007), citing In re Air Cargo Shipping Servs. Antitrust Litig., 240 F.R.D. 56, 58 (E.D.N.Y. 2006) (considering "attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court" among factors for appointment of class counsel) (other citations omitted). "No single factor is dispositive." In re J.P. Morgan Chase Cash Balance Litig., 242 F.R.D. at 277.

Unfortunately, and at the root of this motion, is that Barenboim Counsel have been uncooperative up to this point in the litigation. Raphael Decl., ¶¶ 7-12. As detailed in the Raphael Declaration, once the Harayda and Barenboim cases were consolidated, Mr. Levy and Ms. Raphael of Wolf Popper contacted the Barenboim Counsel to discuss cooperative litigation and representation of the class. When they eventually returned Wolf Popper's calls and e-mails, the Barenboim Counsel were hostile to working with Wolf Popper, insisting that they won a race to the courthouse. Eventually, the Barenboim Counsel appeared to recognize that such a position was untenable and began discussions as to a cooperative arrangement. However, while the discussions were proceeding, unbeknownst to Wolf Popper, the Barenboim Counsel submitted a draft pre-trial statement to defense counsel before showing it to Wolf Popper – requiring Wolf Popper to submit its own, competing form to defendant Starbucks. Notably, only Wolf Popper objected to bifurcating discovery (a position which this Court adopted). Despite the pre-trial

statement, Wolf Popper continued to reach out to counsel for the Barenboim plaintiffs through the first pre-trial conference on July 11, 2008. Raphael Decl., ¶¶ 9 and 10.

Plaintiffs' counsel met for the first time, outside the courtroom prior to the conference on July 11, 2008. At that time, Wolf Popper learned that the Barenboim Counsel had spoken with defense counsel proposing stipulating to the record from the California case. Even though the cases were already consolidated, the Barenboim Counsel had not even mentioned such a proposed stipulation to Wolf Popper. Then, during the court hearing on July 11, 2008, the Barenboim Counsel represented that they had already engaged in, and/or invited settlement discussions with defense counsel - another fact unknown to Wolf Popper.[1] After the hearing, Wolf Popper made a further effort to cooperate with counsel for the Barenboim plaintiffs, which was likewise unsuccessful. Raphael Decl., ¶¶ 11 and 12.

By failing to cooperate, the Barenboim Counsel created additional work for all parties and have unnecessarily increased the costs and expenses of this action, as well as worked against the best interests of the class.

Wolf Popper anticipates that Barenboim Counsel will hang their hat on the fact that their complaint, albeit defective, was dated seven days before Plaintiff Harayda's complaint. Again, this is of no merit. In addition to the fact that the original complaint was defective, both the Barenboim and Harayda actions followed Chou et al. v. Starbucks Corporation, No. GIC 836925 (Cal. Super. Ct., County of San Diego), finding that Starbucks violated California state tips law in allowing shift supervisors to share in the tip pool. Indeed, on April 4, 2008, one of the

---

[1] Counsel for Barenboim Plaintiffs revealed in court that they "have invited Starbucks to engage in settlement discussions," and have "made the overture" that Barenboim Plaintiffs would be interested in pursuing mediation. Pre-trial Conference before the Honorable Laura Taylor Swain on July 11, 2008, Tr at 5:21-6:1. Counsel for Barenboim Plaintiffs also "raised with Starbuck's counsel" the suggestion of "stipulat[ing] to a record that's already been developed." Id. at 18:22-19:19.

Barenboim Counsel, Maimon Kirschenbaum, Esq. of Joseph & Herzfeld LLP, was quoted in *The New York Times*: "We're making literally the same pitch as was made in the California case, that Starbucks let the shift supervisors partake in the tip jar."  Steven Greenhouse, <u>Starbucks Sued in New York Over Tip Issue</u>, N.Y. Times, Apr. 4, 2008, at B4.

The Barenboim Counsel are also likely to claim that they have more experience in "tip cases."  That, too, is not determinative.  Wolf Popper has vastly more experience in class actions - and it has demonstrated its experience in litigating under a variety of substantive law.  While Wolf Popper originally believed and proposed that a union of the plaintiffs' firms would create a strong synergy, the Barenboim Counsel have demonstrated that it is not possible.

### III.  <u>CONCLUSION</u>

For of the foregoing reasons, Plaintiff Harayda respectfully requests that the Court grant her motion to appoint Wolf Popper LLP Interim Class Counsel in connection with these proceedings.

Dated: July 23, 2008

        Respectfully submitted,
        WOLF POPPER LLP

        By:<u>/s/ Michele F. Raphael</u>

        Lester L. Levy
        Michele F. Raphael
        Natalie M. Mackiel
        845 Third Avenue
        New York, NY 10022
        (212) 759-4600

        Attorneys for Plaintiff Harayda

## **PROOF OF SERVICE**

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action. I am employed with Wolf Popper LLP, whose offices are located in the City and State of New York. My business address is: 845 Third Avenue, New York, NY 10022.

That on July 23, 2008, via ECF, I served the foregoing documents entitled: MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL in this action, in particular on the following counsel for Barenboim Plaintiffs and Defendant Starbucks:

Daniel Maimon Kirschenbaum
Charles Edward Joseph
Michael Douglas Palmer
Joseph and Herzfeld
757 3rd Avenue
NY, NY 10017
(212)688-5640x2548
Fax: (212)688-5639
Email: maimon@jhllp.com
      mpalmer@jhllp.com

Shannon Liss-Riordan
Pyle, Rome, Lichten, Ehrenberg &
Liss-Riordan, P.C
18 Tremont Street, Suite 500
Boston, MA 02108
(617)-367-7200
Fax: (617)-367-4820
Email: sliss@prle.com

*Counsel for Barenboim Plaintiffs*

Samidh Jalem Guha
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue
New York, NY 10022
(212) 872-1015
Fax: (212) 872-1002
Email: sguha@akingump.com

Gregory W Knopp
Akin Gump Strauss Hauer & Feld LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
(310) 552 6436
Fax: 310 229 1001
Email: gknopp@akingump.com

Jessica W. Paniccia
Nathan J. Oleson
Daniel L. Nash
Akin, Gump, Strauss, Hauer & Feld, LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
(202) 887-4390
Fax: (202) 887-4288
Email: jpaniccia@akingump.com
      noleson@akingump.com
      dnash@akingump.com

*Counsel for Defendant Starbucks*

      BY ELECTRONIC MEANS:  I caused the above-referenced document to be uploaded onto the ECF system for the United States District Court, Southern District of New York.

      I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct.

Executed on July 23, 2008, New York, New York.

                                        /s/ Michele F. Raphael

                                        Michele F. Raphael