**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE STARBUCKS EMPLOYEE
GRATUITY LITIGATION

This Document Relates to:
All Actions

MASTER FILE
08 Civ. 3318 (LTS)

Class Action

**PLAINTIFF HARAYDA'S REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

**WOLF POPPER LLP**
Lester L. Levy
Michele F. Raphael
Natalie M. Mackiel
845 Third Avenue
New York, NY 10022
(212) 759-4600

Attorneys for Plaintiff Julianne Harayda

**PRELIMINARY STATEMENT**

Plaintiff Harayda submits this memorandum in further support of her motion requesting appointment of Wolf Popper LLP ("Wolf Popper") as interim class counsel pursuant to Fed. R. Civ. P. 23(g). A review of Plaintiff Harayda's motion papers and the Barenboim Plaintiffs' opposition reveals the following: (i) The Barenboim Plaintiffs' counsel have more "tips litigation" experience and are more adept at self aggrandizement; and (ii) Plaintiff Harayda's counsel have more class action experience, have more complex litigation experience, are handling this matter more efficiently and more economically, do not have a conflict of interest, do not have a candor issue, and have success and skill that has been widely judicially recognized.

After the Harayda and Barenboim cases were consolidated, Wolf Popper was amenable to litigating this case as co-lead with counsel for the Barenboim plaintiffs and made every attempt to do so. However, as exemplified by the tenor and content of the papers submitted by Barenboim Plaintiffs' counsel, Wolf Popper's efforts were rebuffed and Plaintiff Harayda was compelled to make this motion. Attorney Liss-Riordan of Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan P.C. believes that she is the tip law guru, and that, accordingly, she should control this consolidated case. In the Barenboim papers, Attorney Liss-Riordan even tries to take credit for the California case against Starbucks - the case on which both the Barenboim and Harayda cases are modeled - even though her co-counsel, Maimon Kirschenbaum, Esq. openly admitted that their case was filed in response to the California action. Steven Greenhouse, Starbucks Sued in New York Over Tip Issue, N.Y. Times, Apr. 4, 2008, at B4 ("We're making literally the same pitch as was made in the California case, that Starbucks let the shift supervisors partake in the tip jar.") (Exhibit 4 to the Declaration of Michele F. Raphael, dated August 13, 2008, "Raphael Reply Decl.")

In opposition Wolf Popper's appointment and arguing for her own, Attorney Liss-Riordan also

touts and relies upon her Massachusetts case against Starbucks as weighing in her favor –

ignoring the fact that representing two separate classes of persons against the same defendant

creates an appearance or actual conflict of interest.

The Barenboim Plaintiffs' counsel's papers in opposition to Wolf Popper's appointment

and requesting its own, are replete with self aggrandizement.  Indeed, the elements of Fed. R.

Civ. P. 23(g) are not even reached until pg. 11.  Moreover, and far more troubling, Barenboim

Plaintiffs' papers contain blatant misstatements to this Court as to what transpired between

Barenboim Plaintiffs' counsel and Wolf Popper.  As clearly evidenced by the e-mail

correspondence between counsel which are now annexed to the Raphael Reply Decl., Wolf

Popper offered to work on this consolidated case on a 50/50 basis with counsel for each

component case doing half the work: "Our proposal is that the two cases be co-equal, that they

would consult with each other and work cooperatively in all substantive matters.  The goal is that

each case does 50% of the work required and receives 50% of the fee." Raphael Reply Decl.,

Ex. 3.  The Barenboim Plaintiffs' counsel's recharacterization of said proposal as a 50/50 fee

offer "regardless of the amount of work it performed on the case" Liss-Riordan Decl, ¶ 9,

simply lacks candor.  Moreover, the emails demonstrate how uncooperative the Barenboim

counsel have been, particularly, Attorney Liss-Riordan.  As reflected therein, once the cases

were consolidated, Wolf Popper repeatedly attempted to contact Attorney Liss-Riordan via

telephone and e-mail.  Raphael Reply Decl., Ex. 1.  When Attorney Liss-Riordan finally

responded, she claimed: "We filed this case, and you filed over us - tell me why we should want

to work cooperatively with you.  Shannon."  Raphael Reply Decl., ¶7 and Ex. 2.  Indeed, this

has been her mantra from the beginning.  The Barenboim Plaintiffs' counsel still claim that

"Wolf Popper has not shown how it would be of such assistance." Barenboim Br., p. 3.    They

also claim that copying Wolf Popper on their draft of a pre-trial statement as it is sent to defense

counsel somehow qualifies as working cooperatively.   They do not even attempt to defend

unilaterally approaching defense counsel on substantive issues – after the cases were

consolidated, and in contradiction to Wolf Popper's attempt to have the firms work together.

In sum, despite their self-proclaimed expertise and high self image, the Barenboim

Plaintiffs' counsel, are not the best, nor even proper, interim class counsel in this consolidated

case.  For the reasons set forth in Plaintiff Harayda's opening papers and herein, Wolf Popper,

counsel for Plaintiff Harayda, is the better choice.

## ARGUMENT

**I.    WOLF POPPER SHOULD BE
APPOINTED INTERIM CLASS COUNSEL**

**1.    Wolf Popper Has More Experience in Class Action Litigation
and is Better  Qualified under Fed. R. Civ. P. 23 to Represent
the Interests of the New York Class in this Consolidated Action**

As detailed in Plaintiff Harayda's opening papers "the considerations set out in Rule

23(g)…, which governs appointment of class counsel once a class is certified, apply equally to

the designation of interim class counsel before certification." In re Air Cargo Shipping Servs.

Antitrust Litig., 240 F.R.D. 56, 57 (E.D.N.Y. 2006).   In appointing lead counsel, the court

should "conduct an independent review to ensure that counsel appointed to leading roles are

qualified and responsible, that they will fairly and adequately represent all of the parties on their

side, and that their charges will be reasonable."  See Manual for Complex Litigation (Fourth)

§ 10.22 (2004).  The most important factor is "achieving efficiency and economy without

jeopardizing fairness to parties." Id. at § 10.22.  Wolf Popper meets all of the Fed. R. Civ. P.

23(g) requirements and has been repeatedly recognized in this district and nationwide, as highly qualified to represent plaintiff classes.

With respect to the factors outlined in  Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv) and as detailed in Plaintiff Harayda's opening papers:

**(i)  Wolf Popper has identified and investigated the claims in the action**

Wolf Popper has both identified and investigated the claims in this action including speaking with several baristas prior to filing the Harayda complaint.  Raphael Decl., ¶ 4; Raphael Reply Decl., ¶ 6.   Wolf Popper also drafted and filed Plaintiff Harayda's complaint with attention to detail and a focus on the interests of the purported class.  Unlike in the Barenboim case, an amendment was not necessary to correct a defective complaint.

The Barenboim Plaintiffs' counsel also curiously argue that Attorney Liss-Riordan's litigation of a parallel case for a different class against Starbucks in Massachusetts and her "communications with the same counsel from Akin Gum who represents Starbucks in this litigation." Barenboim Br.,  p.12,  weigh in their favor.  To the contrary, courts have recognized a conflict of interest where counsel represents different plaintiffs in multiple lawsuits against the same defendant.  Krim v. pcOrder.com, Inc., 210 F.R.D. 581, 589 (W.D. Tex. 2002) (citing, 7A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1769.1, at 384 (2d ed. 1986);  See also In re Cardinal Health, Inc. ERISA Litig., 225 F.R.D. 552, 557 (S.D. Ohio 2005); and Kurczi v. Eli Lilly & Co., 160 F.R.D. 667, 678-79 (N.D. Ohio 1995) (in these situations the risk exists for potential class members that counsel will trade off certain of their interests to serve the interests of other clients).

Both the Massachusetts class and the New York class are seeking damages from Starbucks.  Hence, there is a risk that one class will be compromised for the benefit of the other.

"Every decision to hasten or delay the litigation on behalf of one set of plaintiffs could alternately harm or benefit the other set of plaintiffs." Kurczi v. Eli Lilly & Co., 160 F.R.D. at 679.    The conflict is not cured even if the chance of Defendant's insolvency is slim or because the Court plays a supervisory role over any settlement. Krim v. pcOrder.com, Inc., 210 F.R.D. at 590  ("The Court rejects the notion the Defendants' solvency erases potential conflict, and notes its supervisory jurisdiction over settlement is limited to this case alone. The Court will not be able to address unfair treatment of the class members of the [other litigation] in a settlement of this case, or unfair treatment of this proposed class' members in [another] settlement.")

Here, the risk of competing interests and the appearance of impropriety is easily avoided. Wolf Popper, a nationally recognized law firm is seeking to represent the New York class. Moreover, Wolf Popper has amply demonstrated that they investigated, identified and validly stated the claims in this action.  Hence, this factor weighs in its favor.

**(ii) and (iii)    Wolf Popper is highly experienced in handling class actions and other complex litigation, and the types of claims asserted in the action and has knowledge of the law applicable in this case**

As fully detailed in Plaintiff Harayda's opening papers, Wolf Popper, based in New York City,  is a nationally recognized law firm with decades of experience in the field of class actions and courts nationwide have praised Wolf Popper's abilities – rather than Wolf Popper having to state such on its own behalf.   Indicative of its experience in class actions, Wolf Popper objected to bifurcation of discovery in this class action whereas the Barenboim counsel simply ceded to Defendant's bifurcation arguments in the pre-trial statement.  Indeed, the Barenboim's Plaintiffs' counsel's self-laudatory words are not supported by their actions – even at this early stage in the litigation.

Lacking any valid argument against Wolf Popper's extensive and undeniable complex

class action expertise, the Barenboim Plaintiffs' counsel resort to claiming that Wolf Popper's

argument based thereon is simply "absurd."   To the contrary, Wolf Popper's experience is

relevant to the FRCP 23(g) inquiry.  In addition to its class action experience, Wolf Popper has

vast experience in all aspects of complex litigation.  And as noted in the opening papers, the firm

has litigated and advised its clients in labor matters, including sexual harassment, human

resources and workforce issues.

On the other hand, what is absurd is that the Barenboim Plaintiffs' counsel think they

have cornered the market, or rather, should corner the market, on "tips litigation."  The fact that

they focus their business on advertisements on the website Shamelessrestaurants.com,

Declaration of Maimon Kirschenbaum, Ex. B. (Steven Greenhouse, Suits Alleging Pay

Violations at Restaurants, New York Times, May 12, 2007, Mr. Kirschenbaum added that his

firm had solicited clients by placing advertisements on the Web site shamelessrestaurants.com,

where waiters often vent their grievances." ), weighs against them.

The fact that the Barenboim Plaintiffs' counsel may have tried tip cases is equally

unavailing.  As counsel themselves admit, this case involves primarily a legal issue – who is

entitled to receive tips – such that the issue of liability may well be decided before trial on

summary adjudication.

Moreover, no one claims that the Barenboim Plaintiffs'counsel should not have a role in

this case.  Although Barenboim Plaintiffs' counsel are unwilling to cooperate as co-lead counsel

– forwarding drafts to co-counsel simultaneously with defense counsel and unilaterally

proposing substantive matters to defense counsel without consulting with co-counsel[1] – if

---

[1]In fn 11 of their brief, the Barenboim counsel represent "[a]t the scheduling conference
held on July 11, 2008, Judge Swain spoke approvingly of this proposal [to stipulate to the
California record] and urged the parties to give it serious consideration in their discussions of
how this litigation will proceed."  P. 14.  This is an overstatement of the Court's reaction.  As per

appointed interim lead, Plaintiff Harayada's counsel will not ignore their input.

Hence, the extensive class action experience factors also weigh in favor of appointing

Plaintiff Harayda's counsel as interim class counsel.

### (iv)    Wolf Popper will commit the resources necessary to represent the Class, while achieving efficiency and economy for the Class

Wolf Popper has successfully pursued numerous large-scale class actions from start to

finish, and has the resources and personnel necessary to represent zealously the interests of

former and present Starbucks baristas in this action.  Raphael Decl., ¶ 14.  It is also committed to

the efficient litigation of this matter  – minimizing attorney hours and expenses and maximizing

recovery to the class.  The firm has staffed the case with a senior partner, a junior partner and an

associate.  Such balance best ensures high quality representation without unnecessarily high

costs. In addition, Wolf Popper is a New York firm, which will avoid travel expenses, either for

court hearings or depositions, which are all appropriate in this district.

On the other hand, Barenboim Plaintiffs' counsel already consists of two firms, one in

New York and one out of state.  Six attorneys from the two firms have already set themselves up

to receive electronic notices on behalf of the Barenboim Plaintiffs.   Moreover, given Attorney

Liss-Riordan's professed experience and expertise, there is no reason to have six attorneys

billing this case.  Nor is there any reason for the class to bear unnecessary travel time and

expenses when Wolf Popper is ready, willing and able to be interim class counsel.

### B.    Barenboim Counsel has been Uncooperative

In addition to the factors outlined in the text of Fed. R. Civ. P. 23(g), the Court "may

---

the court transcript, Judge Swain noted "[m]y reaction to it is certainly not negative" but being
unaware of the contents in that record and how it was developed, suggested that  "Ms. Liss-
Riordan, to the extent you can make the proposal concrete by referring to, you know, particular
elements of discovery, or hearing testimony, or depositions, or whatever, so that, you know folks
can really focus on that might look like."  Tr., 20:4-5, 10-14.

consider any other factors relevant to counsel's ability to fairly and adequately represent the interests of the class." In re J.P. Morgan Chase Cash Balance Litig., 242 F.R.D. 265, 277 (S.D.N.Y. 2007), citing In re Air Cargo Shipping Servs. Antitrust Litig., 240 F.R.D. at 58 ("considering attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court, among factors for appointment of class counsel") (other citations omitted).

Wolf Popper routinely acts as co-counsel and litigates cooperatively without asking the other firms "What do I need you for?" and "What would you have to offer?" Raphael Reply Decl. ¶ 8, as is part of Ms. Liss-Riordan's mantra.   Indeed, when she asked that of Wolf Popper, Ms. Raphael rationally responded:  "As for what we can offer - I am sure you are, and/or have become, familiar with my firm. (I will not ask the same of you.)  Why would you want to work cooperatively with us - - because we are stronger together than fighting each other.  Also, if you refuse to work together, we will have to take the issues before the Court - which can only aid the defendant.  My proposal is, what it always has been, that we work this case together." Raphael Reply Decl., Ex. 2.

Wolf Popper recognizes synergies created by combining legal talent, but no firm can effectively litigate any action if it has to constantly look over its shoulder – at its own co-counsel. Raphael Reply Decl., Ex. 2.

Moreover, to the extent voices were raised in one conversation, it occurred after the consolidation order was entered and in response to Ms. Liss-Riordan's constant repetition of "I filed first," "You filed over me," and "What do I need you for?"   The Barenboim Plaintiffs' counsel, and in particular, Attorney Liss-Riordan simply refuse to accept that the two cases are consolidated and the effect thereof.  They simply ignore the other component case, as well as

their obligation to consult with the other plaintiff's counsel.  Indeed, the Barenboim counsel straight-facedly argue that they did not nothing wrong by forwarding their draft pre-trial statement to co-counsel at the same time it sent the same to defendant's counsel.  Clearly, cooperation and efficiency requires consulting with co-plaintiffs' counsel before defense counsel.  The Barenboim Plaintiffs' counsel do not even address or attempt to justify their unilateral substantive discussions with defense counsel regarding stipulating the record in California and settlement – also after the cases were consolidated.  Indeed, Attorney Liss-Riordan presented these issues to the Court without discussing same with counsel for Plaintiff Harayada.

By failing to cooperate, the Barenboim Plaintiffs' counsel created additional work for all parties, including this motion and they have unnecessarily increased the costs and expenses of this action. Given their stance, one counsel needs to be appointed interim class counsel and counsel for Plaintiff Harayda, Wolf Popper, is the better choice.

### III.  CONCLUSION

For the reasons set forth herein and in her prior papers, Plaintiff Harayda respectfully requests that the Court grant her motion to appoint Wolf Popper LLP Interim Class Counsel in connection with these proceedings – the firm has vast experience in class actions, it has acted in the best interests of the purported class, it is knowledgeable about the applicable law, it is operating efficiently and economically, it has no actual or apparent conflict of interest, and it has been open and forthright with this Court.

Dated: August 13, 2008

<div style="margin-left: 50%;">

Respectfully submitted,
WOLF POPPER LLP

By:/s/ Michele F. Raphael

Lester L. Levy
Michele F. Raphael
Natalie M. Mackiel
845 Third Avenue
New York, NY 10022
(212) 759-4600

Attorneys for Plaintiff Harayda

</div>

## PROOF OF SERVICE

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action.  I am employed with Wolf Popper LLP, whose offices are located in the City and State of New York.  My business address is: 845 Third Avenue, New York, NY  10022.

That on August 13, 2008, via ECF, I served the foregoing documents entitled: REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL in this action, in particular on the following counsel for Barenboim Plaintiffs and Defendant Starbucks:

Daniel Maimon Kirschenbaum
Charles Edward Joseph
Michael Douglas Palmer
Joseph and Herzfeld
757 3rd Avenue
NY, NY 10017
(212)688-5640x2548
Fax: (212)688-5639
Email: maimon@jhllp.com
        mpalmer@jhllp.com

Shannon Liss-Riordan
Pyle, Rome, Lichten, Ehrenberg &
Liss-Riordan, P.C
18 Tremont Street, Suite 500
Boston, MA 02108
(617)-367-7200
Fax: (617)-367-4820
Email: sliss@prle.com

*Counsel for Barenboim Plaintiffs*

Samidh Jalem Guha
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue
New York, NY 10022
(212) 872-1015
Fax: (212) 872-1002
Email: sguha@akingump.com

Gregory W Knopp
Akin Gump Strauss Hauer & Feld LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
(310) 552 6436
Fax: 310 229 1001
Email: gknopp@akingump.com

Jessica W. Paniccia
Nathan J. Oleson
Daniel L. Nash
Akin, Gump, Strauss, Hauer & Feld, LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
(202) 887-4390
Fax: (202) 887-4288
Email: jpaniccia@akingump.com
        noleson@akingump.com
        dnash@akingump.com

*Counsel for Defendant Starbucks*

BY ELECTRONIC MEANS:  I caused the above-referenced document to be uploaded onto the ECF system for the United States District Court, Southern District of New York.

I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct.

Executed on August 13, 2008, New York, New York.

/s/ Michele F. Raphael

Michele F. Raphael