UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE STARBUCKS EMPLOYEE GRATUITY LITIGATION | MASTER FILE 08 Civ. 3318 (LTS) |
| This Document Relates to : All Actions | Class Action |

### DECLARATION OF MICHELE FRIED RAPHAEL IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL

I, MICHELE F. RAPHAEL, declare the following under penalty of perjury of the laws of the State of New York:

1. I am a partner of the law firm of Wolf Popper LLP ("Wolf Popper"), counsel for Plaintiff Julianne Harayda and the putative class members in In re Starbucks Employee Gratuity Litigation. I submit this declaration in further support of Plaintiff Harayda's Motion for Appointment of Interim Class Counsel. I have personal knowledge of the facts herein.

2. Annexed hereto as Exhibit 1 is a true and correct copy of e-mail correspondence between myself and Shannon Liss- Riordan on June 18, 2008.

3. Annexed hereto as Exhibit 2 is a true and correct copy of e-mail correspondence between myself and Shannon Liss- Riordan on July 1, 2008.

4. Annexed hereto as Exhibit 3 is a true and correct copy of e-mail correspondence between my partner Lester L. Levy and counsel for the Barenboim Plaintiffs, Attorneys Liss-Riordan and Kirschenbaum dated July 16, 2008.

5. Annexed hereto as Exhibit 4 is a true and correct copy of the New York

Times article of April 4, 2008.

6. Wolf Popper, as part of its investigation, spoke with several former baristas prior to filing the Harayda complaint.

7. In a telephone call in early July, 2008 between myself and Ms. Liss-Riordan after the cases were consolidated, Miss Liss-Riordan continually repeated that the Barenboim action was filed first, that Wolf Popper "filed over her," and continually asked "What do I need you for?" She continued to make the same remarks in a conference call between Barenboim Plaintiffs' counsel, on one hand, and Wolf Popper, on the other – the call during which she complains that Mr. Levy, exasperated, raised his voice.

8. Wolf Popper often acts as co-lead counsel and routinely litigates cooperatively without asking questions such as "What do I need you for? and "What would you have to offer?"

Dated: August 13, 2008
       New York New York.

                                                    /s/ Michele F. Raphael

                                                    Michele F. Raphael
                                                    Wolf Popper LLP
                                                    845 Third Avenue
                                                    New York, NY 10022
                                                    (212) 759-4600

## PROOF OF SERVICE

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action. I am employed with Wolf Popper LLP, whose offices are located in the City and State of New York. My business address is: 845 Third Avenue, New York, NY 10022.

That on August 13, 2008, via ECF, I served the foregoing documents entitled: DECLARATION OF MICHELE FRIED RAPHAEL IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL in this action, in particular on the following counsel for Barenboim Plaintiffs and Defendant Starbucks:

Daniel Maimon Kirschenbaum
Charles Edward Joseph
Michael Douglas Palmer
Joseph and Herzfeld
757 3rd Avenue
NY, NY 10017
(212)688-5640x2548
Fax: (212)688-5639
Email: maimon@jhllp.com
      mpalmer@jhllp.com

Shannon Liss-Riordan
Pyle, Rome, Lichten, Ehrenberg &
Liss-Riordan, P.C
18 Tremont Street, Suite 500
Boston, MA 02108
(617)-367-7200
Fax: (617)-367-4820
Email: sliss@prle.com

*Counsel for Barenboim Plaintiffs*

Samidh Jalem Guha
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue
New York, NY 10022
(212) 872-1015
Fax: (212) 872-1002
Email: sguha@akingump.com

Gregory W Knopp
Akin Gump Strauss Hauer & Feld LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
(310) 552 6436
Fax: 310 229 1001
Email: gknopp@akingump.com

Jessica W. Paniccia
Nathan J. Oleson
Daniel L. Nash
Akin, Gump, Strauss, Hauer & Feld, LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
(202) 887-4390
Fax: (202) 887-4288
Email: jpaniccia@akingump.com
      noleson@akingump.com
      dnash@akingump.com

*Counsel for Defendant Starbucks*

      BY ELECTRONIC MEANS:  I caused the above-referenced document to be uploaded onto the ECF system for the United States District Court, Southern District of New York.

      I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct.

Executed on August 13, New York, New York.

                                        /s/ Michele F. Raphael

                                        Michele F. Raphael

**EXHIBIT 1**

**Michele F. Raphael**

| | |
|---|---|
| **From:** | Michele F. Raphael |
| **Sent:** | Wednesday, June 18, 2008 4:00 PM |
| **To:** | 'sliss@prle.com' |
| **Cc:** | Lester L. Levy |
| **Subject:** | Starbucks |

Ms. Shannon Liss-Riordan,

    My partner, Lester Levy, left a message on your voicemail earlier today. We are counsel for Ms. Harayda in Harayda v. Starbucks, the case which has been consolidated with your action against Starbucks in the SDNY. Given the scheduled conference, we need to speak with defense counsel asap. However, I thought it may be best for us to speak first and work together. Have you conferred with defense counsel on the Rule 26 issues? Please respond via email or call me at 212-451-9630. I look forward to speaking with you. Thank you. Michele Raphael

7/22/2008

**EXHIBIT 2**

**Michele F. Raphael**

**From:** Michele F. Raphael
**Sent:** Tuesday, July 01, 2008 11:04 AM
**To:** 'Shannon Liss-Riordan'
**Subject:** RE: Starbucks

Shannon,

First, with respect to the competing draft of the pre-trial statement, had you consulted me before giving a copy to defense counsel, there would have been no need for me to submit my own. And, as far as "filing over" you – as I see it, Ms. Harayda's complaint was the first valid complaint filed. Wasn't your first complaint defective? We did not perceive, nor treat, this case as a race to the courthouse.

As for what we can offer - I am sure you are, and/or have become, familiar with my firm.  (I will not ask the same of you.)

Why would you want to work cooperatively with us - - because we are stronger together than fighting each other. Also, if you refuse to work together, we will have to
take the issues before the Court - which can only aid the defendant.  My proposal is, what it always has been, that we work this case together. If you agree please call me today by 3pm as I have modifications to the joint submission I want to provide to Defendant.
                                - Michele

---

**From:** Shannon Liss-Riordan [mailto:sliss@prle.com]
**Sent:** Tuesday, July 01, 2008 10:24 AM
**To:** Michele F. Raphael
**Subject:** RE: Starbucks

Michele - I think you are the one who offered a competing draft of the statement, after I had already submitted one. My question is that if you are proposing we work together on the case, what is your proposal? What would you have to offer? We filed this case, and you filed over us – tell me why we should want to work cooperatively with you.   Shannon

---

**From:** Michele F. Raphael [mailto:MRaphael@wolfpopper.com]
**Sent:** Tuesday, July 01, 2008 10:10 AM
**To:** Shannon Liss-Riordan
**Subject:** Starbucks

Shannon,
        Both my partner, Lester Levy, and I reached out to you to discuss this case and working together.   Offering competing drafts of this pre-trial statement serves no purpose. Rather than providing comments to your draft (as well as to defendant's draft) I strongly suggest that we speak and arrive at a statement that we are both satisfied with to present to Samidh. We should also discuss filing a consolidated complaint.  I am in the office all day today, 212-451-9630.

        Michele

7/22/2008

**EXHIBIT 3**

## Lester L. Levy

**From:** Lester L. Levy
**Sent:** Wednesday, July 16, 2008 3:56 PM
**To:** 'sliss@prle.com'; 'maimon@JHLLP.com'
**Cc:** Michele F. Raphael
**Subject:** Starbucks Employee Gratuity litigation

Shannon and Maimon,

We have, at various times, attempted to work out with you a practical and reasonable way to proceed jointly. We thought you had accepted our proposal to work cooperatively on a 50/50 basis so that each case would have an equal say in how the consolidated case will proceed. Implicit in that agreement is that one of the cases would not go off and make substantive proposals to the Defendant without consulting with the other case. In several instances you have not proceeded in that fashion.

I would like to try once more to resolve this. Our proposal is that the two cases be co-equal, that they would consult with each other and work cooperatively in all substantive matters. The goal is that each case does 50% of the work required and receives 50% of the fee.

Please let us know promptly if you are agreeable.    Lester

7/23/2008

# EXHIBIT 4

**The New York Times**
nytimes.com



PRINTER-FRIENDLY FORMAT
SPONSORED BY

April 4, 2008

## Starbucks Sued in New York Over Tip Issue

**By STEVEN GREENHOUSE**

A former barista sued Starbucks on Thursday, accusing the company of cheating thousands of baristas in New York State by giving a share of their tips to shift supervisors.

In papers filed in Federal District Court in Manhattan, lawyers for the barista, Jeana Barenboim, asserted that Starbucks had violated a state law that bars employers or agents of an employer from receiving part of workers' tips.

The lawsuit was inspired by a ruling last month in which a state judge in San Diego awarded $105 million to baristas throughout California, after finding that Starbucks had improperly allowed shift supervisors to share tips.

At Starbucks' more than 7,000 shops nationwide, the baristas leave a tip jar near the checkout counter. The workers pool the tips each week, and typically shift supervisors and baristas divvy up that money based on the hours each employee has worked. Other types of supervisory employees, like shop managers and assistant managers, do not share in the tips.

Maimon Kirschenbaum, one of the lawyers who brought the case in New York, said, "We're making literally the same pitch as was made in the California case, that Starbucks let the shift supervisors partake in the tip jar."

He asked the federal court to make the case a class action on behalf of all baristas in New York State.

In a statement, Starbucks said it was unfortunate that copycat lawsuits had been filed in the weeks after the California ruling and that it intended to appeal. "Our tip policy allows hourly partners (baristas and shift supervisors) to receive their fair share of customer tips," the company said. "Shift supervisors are not managers and have no managerial authority." The company said that shift supervisors often do the same work as baristas.

The $105 million award in California stung and embarrassed Starbucks at a time when store sales had dropped for the first time. It is even closing some shops.

In a voice mail message to employees last week, posted on the company Web site, Howard Schultz, the company's chairman, called the California ruling "extremely unfair and beyond reason." Mr. Schultz told employees, "I want to personally let you know that we would never condone any type of behavior that would lead anyone to conclude that we would take money from our people."

In New York, Starbucks has been hit by other problems. A year ago, the National Labor Relations Board charged Starbucks with breaking federal labor laws 30 times, including the illegal firing of two workers who

supported a unionization effort.

Daniel Gross, a leader of the unionization drive, said that after the California ruling was handed down, baristas in New York began debating whether shift supervisors should share in the tips.

"It's a very divisive issue," he said. "A lot of baristas feel that shift supervisors are part of our team, that they're absolutely on the floor with us, making drinks. Others don't feel that sense of camaraderie with them."

Liberté Locke, a barista at a Starbucks in Union Square, admitted feeling torn about sharing tips with the shift supervisors.

"On one hand, Starbucks sees them as management," she said. "They handle the cash. They handle the keys. They lock the doors. They run the stores when managers are away. They have power to discipline baristas through performance reviews. But on the other hand, they are paid significantly less than the other managers, and they often work alongside us.

"So part of me feels that they should be able to receive part of the tips," she continued. "But under the language of the law, I feel they shouldn't receive tips."

Ms. Locke said she earned $10.03 an hour after three years on the job, while a shift supervisor at her shop made $10.25 an hour, also after three years.

Several baristas said they typically received $1.20 an hour to $1.80 an hour in tips.

Mr. Kirschenbaum, the lawyer, said, "The fact that shift supervisors are underpaid doesn't mean that baristas should bear the brunt of that."

Copyright 2008 The New York Times Company

Privacy Policy | Search | Corrections | RSS | First Look | Help | Contact Us | Work for Us | Site Map