UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN RE STARBUCKS EMPLOYEE
GRATUITY LITIGATION

MASTER FILE
08 Civ. 3318 (LTS)

This Document Relates to:
All Actions

-----------------------------------------------------------x

# DEFENDANT STARBUCKS CORPORATION'S REPLY
# IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Samidh Guha
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1015
Facsimile: (212) 872-1002

Gregory W. Knopp
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067
Telephone: (310) 552-6436
Facsimile: (310) 229-1001

Daniel L. Nash
Nathan J. Oleson
Jessica W. Paniccia
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

ATTORNEYS FOR DEFENDANT
STARBUCKS CORPORATION

DATED: July 13, 2009

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

I.   STARBUCKS IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS'
     CLAIMS THAT SHIFT SUPERVISORS MAY NOT RECEIVE TIPS ........................ 2

     A.   Shift Supervisors Are Not "Agents" ................................................................ 2
     B.   Shift Supervisors Are "Waiters," "Busboys," or "Similar Employees" That
          May Share Tips ................................................................................................ 6
     C.   Plaintiffs' "Tip Pooling" Argument Fails as a Matter of Law ........................ 8
     D.   Plaintiffs' Section 193 Claim Fails as a Matter of Law ................................. 8
     E.   Starbucks is Entitled to Summary Judgment on Plaintiffs' 198-b Claim ........ 9

II.  STARBUCKS IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF
     ORTIZ'S "TRAINING" CLAIM ............................................................................. 10

III. CONCLUSION ........................................................................................................ 10

Plaintiffs do not dispute the facts material to Starbucks Corporation's motion for summary judgment. Instead, plaintiffs argue that Sections 193 and 196-d of the New York Labor Law ("NYLL") prohibit hourly shift supervisors from receiving tips left in a communal tip container as a matter of law. Plaintiffs are wrong. New York law permits hourly workers whose primary duty is customer service to receive a share of the tips they earned for this service.

The linchpin of plaintiffs' argument is that shift supervisors are "agents" under Section 196-d, and thus may not "demand, accept, or retain" gratuities "received" by baristas. This argument fails because employees like shift supervisors who are "merely senior floor captain[s] with… limited supervisory responsibilities" are not "agents of the corporation" under Section 196-d. *Ayres v. 127 Restaurant Corp.*, 12 F. Supp. 2d 305, 308 (S.D.N.Y. 1998). Plaintiffs do not dispute that shift supervisors are not "agents" under this standard. Rather, they argue that the Court should disregard New York authority and deem shift supervisors agents because the term "supervisor" is included in their title. Plaintiffs' argument is inconsistent with the New York Labor Law and the authority interpreting it. The undisputed facts establish as a matter of law that shift supervisors are not "agents" under Section 196-d.

Even if plaintiffs had proffered a viable "agent" theory, the undisputed facts establish that the shift supervisors are "waiters," "busboys," or "similar employees" who may lawfully share tips pursuant to the express terms of Section 196-d. Again, plaintiffs do not dispute that shift supervisors perform the same type of direct service work as waiters, busboys, or other service employees. Instead, plaintiffs argue that Section 196-d imposes a hierarchical requirement that precludes employees from sharing tips with other workers who perform the same duties or are a "step up the ladder" in "supervisory hierarchy." This argument has no statutory basis and has

been rejected by the courts and the New York Department of Labor. Baristas and shift supervisors are the types of direct service employees that may share tips under Section 196-d.

Plaintiffs engage in a futile attempt to transform this otherwise lawful distribution system into an unlawful one by characterizing the allocation of tips at Starbucks stores as a "tip pool." As courts and the New York Department of Labor have recognized, the distribution of tips from communal tip containers is not a "tip pool." And in any event, nothing in Section 196-d prohibits the distribution of communal tips amongst the employees who earned them based on their hours worked. Plaintiffs cannot establish a claim for relief under Section 196-d.

Plaintiffs' claim under Section 193 also fails as a matter of law. Even assuming tips are "wages" for purposes of the statute, plaintiffs have not shown that "deductions" were made from the tips they earned. And even if such a deduction did exist, Section 193 would permit such a deduction because it was made in accordance with the provisions of New York law.

Starbucks also is entitled to summary judgment on plaintiffs' remaining claims. Plaintiffs do not respond to the company's showing that the distribution of tips is not an unlawful "kickback" under Section 198-b, and thus have abandoned this claim. And plaintiff Ortiz does not offer any evidence that he did not receive tips for time he spent serving customers during training, and thus his "training" claim fails as a matter of law. Starbucks motion for summary judgment should be granted in its entirety.

## I. STARBUCKS IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' CLAIMS THAT SHIFT SUPERVISORS MAY NOT RECEIVE TIPS.

### A. Shift Supervisors Are Not "Agents."

Plaintiffs do not dispute that shift supervisors' primary duty is to provide the same customer service as baristas, and that they have no authority to interview, hire, schedule,

evaluate, discipline, transfer, or terminate baristas.[1] (*See* Defendant Starbucks Corporation's Statement of Undisputed Material Facts in Support of Motion for Summary Judgment [DE 60] ("UF") ¶¶ 7-8, 11.) Nor do plaintiffs dispute that shift supervisors are akin to "senior floor captain[s] with... limited supervisory responsibilities" that this district has determined are not "agents of the corporation" under Section 196-d. *Ayres*, 12 F. Supp. 2d at 308 (S.D.N.Y. 1998); *see also Chan v. 88 Palace*, 2007 WL 313483, at *18, 20-21 (S.D.N.Y. Feb. 1, 2007) (employees were not "agents" under Section 196-d where they did not "wield[] broad managerial authority").[2] And there can be no dispute that shift supervisors do not meet the definition of "agent" applied by the New York Department of Labor, because it is undisputed that they are "mere supervisory employee[s] who do[] not have the authority to hire or fire." Memorandum from George Ostrow, N.Y. Dept. of Labor, to Supervisors (Sept. 5, 1972) at 1 (hereinafter "NY DOL Mem.").

Unable to prevail under the existing law, plaintiffs argue that it should be disregarded. (Pls.' Opp. to Def. Motion for Summary Judgment [DE 70] ("Pls.' Opp.") at 13-15.) Specifically, plaintiffs contend that the *Ayres* and *Chan* decisions "ignored "agent" as a separate

---

[1] Local Civil Rule 56.1 requires a party opposing a motion for summary judgment to serve a pleading "responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Local Civil Rule 56.1(b) (emphasis omitted). Each statement of fact set forth in the moving party's Rule 56.1(a) statement is deemed admitted "unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Local Civil Rule 56.1(c) (emphasis omitted). Plaintiffs did not submit a responsive statement pursuant to Local Civil Rule 56.1(b), and thus no disputes of fact exist that would preclude entry of summary judgment in favor of Starbucks.

[2] The unpublished decisions, legislative history and Department of Labor memoranda cited herein have been previously filed with the Court unless otherwise stated.

term" in the statute.[3] (*Id.* at 14.) This argument is baseless. The *Ayres* court specifically adopted the NLRA's definition of "agent" before concluding that employees who are "merely senior floor captain[s] with… limited supervisory responsibilities" are not "agents" under the statute. *Ayres*, 12 F. Supp. 2d at 308 (citing *NLRB v. Big Three Indus. Gas & Equip. Co.*, 579 F.2d 304, 309-10 (5th Cir. 1978) (supervisors who had authority to "interview job applicants, grant time off, allocate overtime work, transfer employees and recommend wage increases" were employer's agents)). *Chan* also acknowledged the statute's use of the term and followed *Ayres*. *Chan*, 2007 WL 313483, at *18, 20-21. Plaintiffs apparently ignore the separate "agent" standard set forth in *Ayres* because they cannot meet it. And plaintiffs do not cite the New York Department of Labor's interpretation of what constitutes an "agent" under Section 196-d because they cannot square their "agent" theory with the Department's requirement that employees must be involved in hiring and firing to qualify as "agents."

Indeed, plaintiffs do not try to square their "agent" argument with any standard. Plaintiffs offer no legal framework for determining whether employees are agents under Section 196-d. Instead, plaintiffs argue that shift supervisors must be agents because the term "supervisor" is used in their title. (Pls.' Opp. at 12-13). But as plaintiffs acknowledge, an employee's

---

[3] Plaintiffs argue at length that Starbucks ignores the distinction between "employers" and "agents of the corporation" under Section 196-d. (Pls.' Opp. at 8-11.) This contention is inaccurate. Starbucks noted in its opening memorandum that plaintiffs could not meet either the "employer" standard articulated under cases such as *Herman v. RSR Sec. Servs., Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999), or the "agent" standard as articulated under *Ayres*. (*See* Defendant Starbucks Corporation's Memorandum of Law In Support of Motion for Summary Judgment ("Def.'s Memo.") at 12-13). In doing so, Starbucks noted that the scope of these standards tended to merge, particularly because the FLSA's definition of "employer" includes "any person acting directly or indirectly in the interest of an employer." 29 U.S.C. § 203(d); (*see* Def.'s Memo. at 12 and n.4). Given this broad definition, it is hardly surprising that a standard for "employer" that follows the FLSA's definition of the term will be similar to the standard for an "agent" under New York Labor Law.

classification for purposes of the New York Labor Law is determined by their actual job duties, and not their title. *See, e.g., Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 157 n.3 (S.D.N.Y. 2008) (title alone insufficient to establish exempt status); (*see also* Pls.' Opp. at 12.) Plaintiffs' suggestion that Starbucks could render shift supervisors non-agents by simply changing their title from "shift supervisor" to "senior barista" is devoid of logic or legal support. (Pls.' Opp. at 13.) As the interpretive authority shows, the relevant inquiry is whether the purported agent possesses the requisite authority such that they may be criminally liable for violations of the New York Labor Law. *Ayres*, 12 F. Supp. 2d at 308 (reviewing alleged agent's actual job duties); *Chan*, 2007 WL 313483, at *18, 20-21 (same); NY DOL Mem. at 1 (Section 196-d definition of agent "does not include a mere *supervisory* employee who does not have the authority to hire or fire") (emphasis added). And as this authority and a decision by the National Labor Relations Board's Regional Director for Region 2 show, the use of the term "supervisor" in shift supervisors' title does not, *ipso facto*, render them "supervisors" in the eyes of the law.[4] *Starbucks Corp. d/b/a*

---

[4] Plaintiffs' reliance on legislative history is similarly unavailing. Plaintiffs claim that one purpose of the statute was to prevent "headwaiters" from "demand[ing] a portion of the tips of their subordinates," but they offer no authority or evidence to show that shift supervisors and the "headwaiters" referenced by the New York Legislature shared similar job duties. Plaintiffs also contend that the legislature demonstrated its intent to exclude headwaiters and similar employees from receiving tips by "not chang[ing] the wording of... Section 196-d" after receiving comments regarding the threat the statute posed to tip sharing in small establishments. (Pls.' Opp. at 5.) But the legislature *did* amend the statute after receiving these comments—it added a provision that "[n]othing in this subdivision shall affect... the sharing of tips between a waiter and busboy or similar employee." N.Y. Lab. Law § 196-d (McKinney 2008); NYLS' Governor's Bill Jacket, 1968 ch. 1007, at 4. (This Bill Jacket was previously submitted to the Court as Attach. A-1 to Def.'s Memo. [DE 57]) (arguments in support of bill). Similarly, the legislature did not evince an intent to "reject[] calls for... a narrow objective" of the definition of "agent" when amending Section 2(8-a) to add the term. The legislative history shows that the legislature was intent on using the term "agent" to reach *de facto* business operators who had previously escaped criminal prosecution through shell corporations. Nothing in the legislative history suggests that the legislature intended to impose criminal liability on hourly workers with minimal supervisory responsibilities. (*See* Def.'s Memo. at 12).

*Starbucks Coffee Co. Store 7356 and Industrial Workers of the World IU/660*, Case No. 2-RC-22852, Decision at 21-22 (June 30, 2004).

Plaintiffs do not dispute that the relevant authority holds that employees like shift supervisors are not "agents" under Section 196-d, and they fail to offer any authority or standard that would compel a different conclusion when applied to Starbucks shift supervisors. Plaintiffs' Section 196-d claim thus fails as a matter of law.[5]

### B. Shift Supervisors Are "Waiters," "Busboys," or "Similar Employees" That May Share Tips.

Starbucks has also shown that it is entitled to summary judgment under Section 196-d's tip sharing provision, which provides that "[n]othing in this subdivision shall be construed as affecting . . . the sharing of tips by a waiter with a busboy or similar employee." N.Y. Lab. Law § 196-d (McKinney 2008).

Plaintiffs do not dispute that shift supervisors' primary responsibility is to perform the same tasks as waiters, busboys, and other direct service employees. (*See* UF ¶¶ 8-9.) Despite these admissions, plaintiffs argue that the tip-sharing provision does not apply to baristas and shift supervisors because the statutory language does not allow waiters to share tips with other waiters. (Pls.' Opp. at 6-8). Courts within this district have already considered and rejected an

---

[5] Because the undisputed evidence shows that shift supervisors are not "agents" under Section 196-d, plaintiffs' contention that baristas need not be the intended recipients of tips to establish a claim under the statute is irrelevant. (Pls.' Opp. at 18-21.) However, plaintiffs' arguments on this issue are likewise unavailing. Plaintiffs argue that the statutory language prohibits agents from not only receiving tips "received" by another employee, but also from "retain[ing] any part of a gratuity or of any charge purported to be a gratuity for an employee." (*Id.* at 19.) But this provision also requires that plaintiffs show in the first instance that the allegedly retained tip was a gratuity "*for an employee.*" Here, it is undisputed that plaintiffs cannot establish that Starbucks or shift supervisors "retained" or "accepted" any gratuity that was intended for the plaintiffs.

interpretation of Section 196-d that would result in waiters not being able to share tips with other waiters "[b]ecause such an interpretation would undermine the statute's manifest purpose to allow tip pooling[.]" *Chan v. Triple 8 Palace, Inc.*, 2006 WL 851749, at * 15, n.23 (S.D.N.Y. Mar. 30, 2006) (attached hereto as Attachment A); *see also Chan*, 2007 WL 313483, at *20 (S.D.N.Y. Feb. 1, 2007) (the term "similar employee" under Section 196-d "refers to employees similar to *waiters*...") (emphasis added). Because it is undisputed that baristas and shift supervisors performed duties similar to waiters, they may share tips under Section 196-d.

These conclusions are consistent with the New York Department of Labor's interpretation of Section 196-d. The Department has advised that the term "similar employee" includes any employee "who participates with the waiter in rendering some personal service." NY DOL Mem. at 1 ("We will consider a 'similar employee' to be any employee who participates with the waiter in rendering some personal service to the patron . . . [including] the hostess or captain, who greets and seats the patron [and] . . . a short order cook at a counter"); (*see also* Def. Opp. to Pls.' Motion for Partial Summary Judgment ("Def.'s Opp.") at 13 (collecting DOL guidance)). Shift supervisors irrefutably "participated... in rendering some personal service" to customers, and thus may share in tips under the Department of Labor's interpretation of the statute.

Shift supervisors also indisputably performed duties similar to a busboy, and thus were eligible to share tips regardless of whether waiters may share tips with other waiters. (UF ¶ 8.) Although plaintiffs do not contest this factual proposition, they argue that shift supervisors may not qualify as "busboys" under the statute because they are not a "step down the ladder in terms of supervisory hierarchy." (Pls.' Opp. at 7.) But nothing in the tip-sharing provision imposes a hierarchical restriction on who may share tips, and plaintiffs offer no support for the assertion that waiters are further up the "supervisory hierarchy" than busboys.

The undisputed evidence establishes that both baristas and shift supervisors performed the same type of direct customer service duties as waiters, busboys, and "similar employees." The statute requires no more. The sharing of tips between these customer service employees is lawful under Section 196-d.

### C. Plaintiffs' "Tip Pooling" Argument Fails as a Matter of Law.

Plaintiffs also claim that the weekly distribution of tips violates Section 196-d because it is an improper "tip pool." (Pls.' Opp. at 23-24.) As shown in defendant's opposition to plaintiffs' motion for summary judgment, this argument has no support in the statutory language. *Ayres,* 12 F. Supp. 2d at 307 ("tip-pooling is not *per se* illegal" under Section 196-d); (*see also* Def.'s Opp. at 18-19). It also fails because the distribution of tips left in a communal tip container is not a "tip pool." *Chau v. Starbucks Corp.*, 94 Cal. Rptr. 3d 593, 601, 14 Wage & Hour Cas. 2d (BNA) 1665 (Cal. App. 4 Dist. 2009) (Starbucks tip distribution system is not a "tip pool");[6] Letter from Jerome Tracy, N.Y. Dept. of Labor, to Edward C. Hooks, Esq., Harris Beach, PLLC, (Dec. 8, 2005) at 1-2 (distribution of tips from communal car wash tip container is "tip sharing" rather than "tip pool[ing]"). In short, there is no legal support for plaintiffs' claim that the sharing of communal tips is a "tip pool" or becomes unlawful because tips are allocated on a weekly basis, rather than an hour-by-hour basis.

### D. Plaintiffs' Section 193 Claim Fails as a Matter of Law.

Plaintiffs argue that the Starbucks tip distribution system also violates Section 193 because it constitutes an impermissible "deduction" from "wages." Plaintiffs' argument focuses

---

[6] The *Chau* court vacated the trial court's decision in its entirety because it found that that the Starbucks tip distribution system was not an unlawful "tip pool" under California law. It did not, as plaintiffs suggest, endorse the trial court's "agent" determination in overturning the lower court's decision. (Pls.' Opp. at 21.)

solely on whether tips are "wages" within the meaning of the statute. (Pls.' Opp. at 21-23.) As shown in defendant's opposition to plaintiffs' motion for summary judgment, this conclusion is not supported by the law. (*See* Def.'s Opp. at 22-23.) But the Court need not resolve this issue, because plaintiffs have not demonstrated any unlawful "deduction" under Section 193.

Section 193 does not prohibit "deductions" if they are "made in accordance with the provisions of any law." N.Y. Lab. Law § 193 (McKinney 2008). As shown above, the Starbucks tip distribution system is lawful under Section 196-d. Thus, even if the tip distribution is characterized as a "deduction from wages," it would be lawful under Section 193.

The Starbucks tip distribution system also is not prohibited by Section 193 because plaintiffs have not shown that it resulted in a "deduction" from the total amount of tips plaintiffs were entitled to receive in the first instance. Plaintiffs do not dispute that shift supervisors provided service that generated a portion of the tips in the container, and thus plaintiffs cannot claim that *all* of the tips were "earned" by baristas. They accordingly cannot show that the Starbucks tip distribution system resulted in any "deduction" from the amount of tips plaintiffs purportedly earned. This failure is fatal to their Section 193 claim. *See Gordon v. Kaleida Health*, 2008 WL 5114217, at *6, n.3 (W.D.N.Y. Nov. 25, 2008) ("[S]ection 193 does not stand for the principle that an employer must *pay* an employee all wages due, but rather prohibits an employer from *deducting* wages from an employee's paycheck.").

### E.     Starbucks Is Entitled to Summary Judgment on Plaintiffs' 198-b Claim.

Plaintiffs do not address defendant's showing that it is entitled to summary judgment as a matter of law on plaintiffs' claim under Section 198-b. Starbucks accordingly is entitled to summary judgment on this claim. *See, e.g., Bronx Chrysler Plymouth, Inc. v. Chrysler Corp.*, 212 F.Supp.2d 233, 249 (S.D.N.Y. 2002) (dismissing claim as abandoned because party opposing

summary judgment made "no argument in support of th[e] claim at all" in its summary judgment opposition papers).

## II. STARBUCKS IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF ORTIZ'S "TRAINING" CLAIM.

Plaintiffs do not dispute that Starbucks policies permit baristas to receive tips during their training period during "practice" shifts when they perform direct customer service. Plaintiff Ortiz admitted he received tips consistent with this policy. (UF ¶¶ 15, 16.) Plaintiffs argue that Ortiz may have spent limited time serving customers when he was not supposed to during other training shifts, but this speculative evidence is not sufficient to avoid summary judgment. *See, e.g., Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001) (non-moving party may not rely on speculation to defeat motion for summary judgment).

Plaintiffs also attempt to avoid summary judgment on plaintiff Ortiz's training claim by arguing that plaintiff Barenboim did not receive tips during her training period, and claiming that "confusion" existed with one district manager as to the details of tip distribution during barista training. But neither of these allegations is relevant to plaintiff Ortiz's claim. Plaintiff Ortiz has admitted that he received tips for time spent serving customers during training consistent with Starbucks policy. (UF ¶¶ 15, 16.) He may not avoid summary judgment on his claim based on evidence that other individuals may not have received tips in the same manner. *See, e.g., Cohanzick Partners, L.P. v. FTM Media Inc.*, 120 F. Supp. 2d 352, 357 (S.D.N.Y. 2000) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) (non-movant may not defeat motion for summary judgment by relying on evidence irrelevant to individual claim).

## III. CONCLUSION

For the foregoing reasons, this Court should grant defendant's motion for summary judgment on plaintiffs' claims under Sections 193, 196-d, and 198-b of the New York Labor Law.

Respectfully submitted,

DATED: July 13, 2009

s/ Jessica W. Paniccia
Samidh Guha
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1015
Facsimile: (212) 872-1002
sguha@akingump.com

Gregory W. Knopp
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067
Telephone: (310) 552-6436
Facsimile: (310) 229-1001
gknopp@akingump.com

Daniel L. Nash
dnash@akingump.com
Nathan J. Oleson
noleson@akingump.com
Jessica W. Paniccia
jpaniccia@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

ATTORNEYS FOR DEFENDANT
STARBUCKS CORPORATION

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Starbucks Corporation's Reply In Support of Motion for Summary Judgment was served this 13th day of July, 2009 via ECF filing notification on the following:

Charles Edward Joseph
D. Maimon Kirschenbaum
Michael Douglas Palmer
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
Email: maimon@jhllp.com
E-mail: mpalmer@jhllp.com

Shannon Liss-Riordan
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
E-mail: sliss@llrlaw.com

        s/ Jessica W. Paniccia
        Jessica W. Paniccia